## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| CHRISTMAS TREE SHOPS, LLC, | ) |
| | ) Case No. 23-10576-TMH |
| Debtor. | ) |
| | ) |
| | ) |
| GEORGE L. MILLER, *in his capacity as Chapter 7 Trustee of* CHRISTMAS TREE SHOPS, LLC, ET. AL., | ) |
| | ) |
| | ) |
| Plaintiff, | ) Adv. Proc. No. 25-50875-TMH |
| | ) |
| v. | ) |
| | ) |
| PRESTIGE PATIO CO. LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF PRESTIGE PATIO CO. LTD.'S MOTION TO DISMISS TRUSTEE'S COMPLAINT

### GOLDSTEIN & MCCLINTOCK LLLP

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (DE Bar No. 3320)
Aaron R. Harburg (DE Bar No. 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Email: marias@goldmclaw.com
        aaronh@goldmclaw.com

--and--

William Thomas, Esq. (*pro hac vice* pending)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
willt@goldmclaw.com

*Counsel for Defendant Prestige Patio Co. Ltd.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

STANDARD OF REVIEW ................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

    I.     The Trustee failed to plead reasonable due diligence as required under Section 547(b) in filing the Complaint against Prestige Patio. ............................................................... 4

    II.    The Complaint's defect is incurable and leave to amend should not be granted. ............... 8

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955 (2007)................................................. 5

*Husted v. Taggart (In re ECS Refining)*, 62 B.R. 425 (Bankr. E.D. Cal. 2020)........................ 4, 5

*Official Comm. of Unsecured Creditors v. Nat'l Amusements Inc.*, 428 B.R. 303 (Bankr. D. Del. 2010) ................................................................................................................................... 5

*Pinktoe Liquidation Trust v. Charlotte Olympia Dellal (In re Pinktoe Tarantula Limited)*, 2023 Bankr. LEXIS 1030 (Bankr. D. Del. Apr. 14, 2023) ....................................... 3, 4, 6, 7

## FEDERAL STATUTES

11 U.S.C. § 546.......................................................................................................................... 8, 9

11 U.S.C. § 547 ...................................................................................................... 1, 3, 4, 6, 8

11 U.S.C. § 550............................................................................................................................ 3

11 U.S.C. § 1112.......................................................................................................................... 2

## FEDERAL RULES

Fed. R. Bankr. P. 7009 ................................................................................................................ 3

Fed. R. Bankr. P. 7012 ................................................................................................................ 3

Fed. R. Civ. P. 9(c) ..................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6).......................................................................................................... 1, 3

## OTHER AUTHORITIES

American Bankruptcy Institute, *Commission to Study the Reform of Chapter 11*, 148-151 (2014), https://abiworld.app.box.com/s/vvircv5xv83aavl4dp4h ........................................... 5

5 *Collier on Bankruptcy* ¶ 547.02A (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2020)………………………………………………………………………………………...5

Gregory Hesse and Michael Horne, *Courts Begin Interpreting New Due Diligence Requirements for Trustees Before Filing Preference Actions*, Hunton Andrews Kurth LLP, September 28, 2021, https://www.hunton.com/insights/legal/courts-begin-interpreting-new-due-diligence-requirements-for-trustees-before-filing-preference-actions ……………………………………5

Prestige Patio Co. Ltd. ("*Prestige Patio*"), by and through its undersigned counsel, moves (the "*Motion*") under Federal Rule of Civil Procedure 12(b)(6) made applicable by Bankruptcy Rule of Procedure 7012, to dismiss the Amended Complaint filed by George L. Miller, the chapter 7 trustee (the "*Plaintiff*" or the "*Trustee*") of the bankruptcy estate of the Debtors, Christmas Tree Shops, *et. al.* (the "*Debtors*")[1] and respectfully submits this Memorandum in support of the Motion.

## PRELIMINARY STATEMENT

The Trustee's Complaint should be dismissed as the Trustee did not undertake his due diligence requirement under Section 547(b) of the Bankruptcy Code. 11 U.S.C. § 547(b). Section 547(b) states that "the trustee may, ***based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)***, avoid any transfer of an interest of the debtor in property" under certain conditions. *Id.* (emphasis added). Under case law from the Delaware Bankruptcy Court and other districts (as discussed *infra.*), when filing an adversary proceeding for allegedly preferential transfers, a Chapter 7 trustee is ***required*** to conduct due diligence beforehand to establish a potential defendant's affirmative defenses and must affirmatively allege that this due diligence was undertaken the face of the Complaint, or the Complaint is subject to dismissal. The Trustee failed to undertake this due diligence, did not properly plead it, and even tacitly admitted that he did not meet the due diligence requirement. The Complaint must be dismissed.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

## **STATEMENT OF FACTS**

On May 5, 2023 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). Complaint ¶ 1. The Debtors had previously operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing, particularly home décor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products. Complaint ¶ 3. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "*Conversion Date*"); Complaint ¶ 2; *see also, Order Converting Case to Chapter 7* [Docket No. 545].[2] On August 16, 2023, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee of the Debtors' estates, authorizing him to pursue certain avoidance actions. Complaint ¶ 3; *See also*, *Notice to Interim Trustee/Trustee of Selection in an Asset Case* [Docket No. 546].

On May 5, 2025, the Trustee filed his Complaint against Defendant Prestige Patio. Adv. Docket No. 1. In his Complaint, the Trustee alleges that "[d]uring the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant" (collectively, the "Transfers") of "not less than $736,820.85." Complaint ¶¶ 13-14. According to the Trustee, "[e]ach of the Transfers to the Defendant was a transfer of property of the Debtors" to the Defendant, who was a creditor of the Debtors (or was receiving the Transfers for the benefit of a creditor or creditors), was "on account of an antecedent debt," was "made while the Debtors were insolvent," and enabled the Defendant to receive more than it would have received if the Transfers

---

[2] Order Converting the Debtors' Chapter 11 Cases to Cases under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(B); (II) Approving the Conversion Procedures; (III) Authorizing the Transfer of the Professional Fee Funding Amount into a Segregated Attorney Trust Account Maintained by Debtors' Counsel; (IV) Limiting Notice of the Motion and (V) Granting Related Relief.

had not been made, or would have otherwise received under the Bankruptcy Code. Complaint ¶¶ 17, 19-22.

The Trustee claims that the property is recoverable under 11 U.S.C. §§ 547 and 550. Complaint ¶¶ 15-27. In the Complaint, the Trustee claimed that the causes of action were "preferential" in the title of the Complaint and in the title for the first claim for relief, but claimed that they were recoverable fraudulent transfers in the "Wherefore" clause. *Id.* Furthermore, the Trustee stated that "[a]lthough it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c)." Complaint, ¶ 14.

## STANDARD OF REVIEW

A defendant may move to dismiss a Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012).

Federal Rule of Civil Procedure 9(c) states: "Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). The due diligence requirement of Section 547(b) is a condition precedent under Federal Rule of Civil Procedure 9(c). *Pinktoe Liquidation Trust v. Charlotte Olympia Dellal (In re Pinktoe Tarantula Limited)*, 2023 Bankr. LEXIS 1030 at *11-12 (Bankr. D. Del. Apr. 14, 2023); 11 U.S.C. § 547(b); Fed. R. Civ. P. 9(c) (as incorporated by Fed. R. Bankr. P. 7009). It thus must be satisfied and pled on the face of the Complaint.

## ARGUMENT

**I.     The Trustee failed to plead reasonable due diligence as required under Section 547(b) in filing the Complaint against Prestige Patio.**

The Trustee did not plead or satisfy his reasonable due diligence requirement under Section 547 of the Bankruptcy Code, which is required element of a preference claim. The Complaint must be dismissed.

As part of the Small Business Reorganization Act of 2019 (Pub. L. No. 116-54 § 3(a), Congress added to section 547(b) of the Bankruptcy Code the requirement that a trustee may seek to avoid preferential transfers made by a debtor "based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under [section 547](c) . . . ." 11 U.S.C. § 547(b). In recent case law, the Delaware Bankruptcy Court (citing other courts) has held that the due diligence requirement of Section 547(b) **is an element of the trustee's prima facie case**. *Pinktoe Liquidation Trust v. Charlotte Olympia Dellal (In re Pinktoe Tarantula Limited)*, 2023 Bankr. LEXIS 1030 at *11-12 (Bankr. D. Del. Apr. 14, 2023) (citing *Husted v. Taggart (In re ECS Refining)*, 62 B.R. 425 (Bankr. E.D. Cal. 2020)) (emphasis added). As stated in *Pinktoe Liquidation Trust*, Judge Silverstein "conclude[d] that the due diligence requirement is an element of the claim, or something that must be proven by the trustee." *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12. As an element of the claim, the Trustee's due diligence as to potential defenses must be pled on the face of the Complaint, but there were "no allegations, general or otherwise" on the face of the Complaint in *Pinktoe Liquidation Trust* that the Trustee had satisfied the due diligence requirement. *Id.*, at 13. Therefore, the Court ruled that the preference cause of action of the Complaint had to be dismissed. *Id.*

4

This is not merely a formalistic requirement. As explained by *Husted v. Taggart*: "[t]he Small Business Reorganization Act of 2019 . . . add[ed] a 'reasonable due diligence' requirement. . . a fair reading of these amendments is that Congress sought to curb what it perceived as improper use of preference actions in some instances." *Husted*, 62 B. R. 425, at 457. *Husted* also favorably cited to several persuasive authorities' description of abuses of preference actions, including Collier's description of "'preference mills,'" filing actions with "**little--or no--evaluation of the merits**, solely to force nuisance value settlements" as well an American Bankruptcy Institute article "documenting preference action abuse, i.e., **failure of merits consideration before commencement of an action, and recommending curative provisions, i.e., adding a due diligence requirement** . . . and requiring particularity in preference pleadings."[3] *Husted*, 62 B. R. 425, at 457 (citing 5 *Collier on Bankruptcy* ¶ 547.02A (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2020)) (emphasis added); *see also*, American Bankruptcy Institute, *Commission to Study the Reform of Chapter 11*, 148-151 (2014), https://abiworld.app.box.com/s/vvircv5xv83aavl4dp4h (emphasis added). Other observers have stated that "[t]he apparent goal of this amendment to the Bankruptcy Code is to **reduce the number of frivolous preference lawsuits pursued by trustees**." Gregory Hesse and Michael Horne, *Courts Begin Interpreting New Due Diligence Requirements for Trustees Before Filing Preference Actions*, Hunton Andrews Kurth LLP, September 28, 2021, https://www.hunton.com/insights/legal/courts-begin-interpreting-new-due-

---

[3] While not the primary focus of this Motion, the Trustee's Complaint is also completely threadbare, a matter which is both related to the argument herein and would independently subject it to dismissal under *Twombly*. A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the factual allegations in a plaintiff's complaint." *Official Comm. of Unsecured Creditors v. Nat'l Amusements Inc.*, 428 B.R. 303, 312 (Bankr. D. Del. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007)). To survive such a motion, the complaint "must contain sufficient 'factual allegations' which, if true, would establish 'plausible grounds' for a claim . . ." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965). The Complaint contains no details about this case at all, apart from identifying the defendant, an amount of alleged transfers, and describing the Debtors' businesses in general terms with no effort to specifically apply them to Prestige Patio. From the Complaint, it does not appear that the Trustee was more than vaguely aware of the Debtor's dealings with the Defendant, but filed this action without doing due diligence and without sufficiently alleging facts which would survive a 12(b)(6) Motion.

5

diligence-requirements-for-trustees-before-filing-preference-actions (*emphasis added*). In summary, the purpose of the due diligence requirement is to force a Trustee bringing a preference action to *affirmatively assess the Defendant's defenses before the action is brought*, so as not to file a Complaint for transfers which cannot be recovered or to overinflate the stated liability of the preference action with unrecoverable transfers. Further, the Trustee *must plead* this due diligence under Section 547 to state a claim. *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12.

Here, no such language exists in the Trustee's Complaint which would satisfy Section 547's pleading requirement under the case law. *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12; *Husted*, 625 B.R. 425, at 458-459. The Complaint references no due diligence, either specifically in reference to Section 547 or more generally. *See* Complaint.

In fact, the language of the Complaint—jarringly—tacitly *admits* that the Trustee did not do any due diligence of Prestige Patio's potential defenses before the filing of the Complaint. As stated in Paragraph 14 of the Complaint: "[a]lthough it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c)." Complaint, ¶ 14. The Trustee here: i) admits that it is possible that defenses may shield the Transfers in part or in whole, but ii) makes no representation that he assessed these defenses and appears to disclaim responsibility for doing so, and iii) shifts the burden of proof to the Defendant to determine these defenses, despite the Trustee's statutory due diligence requirement to determine these defenses before filing.

Not only did the Trustee not *plead* any due diligence as required under Section 547, it appears he never *performed* any due diligence either. No known demand letter was ever issued to Prestige Patio, nor was any known attempt made to confer with Prestige Patio or its attorneys to

discuss Prestige Patio's defenses prior to the filing of the Complaint. *Declaration of Steve Kenger* ¶¶ 5-6 (attached hereto as <u>Exhibit A</u>). Furthermore, Prestige Patio does have strong affirmative defenses under Section 547(c) to these claims—both a complete ordinary course defense to all Transfers and a subsequent new value defense which would also shield the vast majority of the Transfers as well.[4] Ex. A, ¶¶ 7-8. These defenses are easily determined, particularly the subsequent new value defense, which is a simple math calculation, and had the Trustee performed the required due diligence, the Complaint would never have been filed (or would have demanded a vastly lower amount). *See Husted*, 625 B.R. 425, at 458 ("Plaintiff Husted's use of pre-*Iqbal*/*Twombly* notice style pleadings and a very general nature of the allegations in the First Amended Complaint suggest a lack of pre-filing due diligence. Reasonable inferences do not suggest that trustee Husted considered [various applicable defenses].").

In *Pinktoe Liquidation Trust*, this Court held that satisfaction of the Trustee's due diligence requirement must be alleged on the face of the Complaint, or the Complaint would be subject to dismissal. *Pinktoe Liquidation Trust v. Dellal* (*In re Pinktoe Tarantula Ltd.*), 2023 Bankr. LEXIS 1030 at *13 (Bankr D. Del. Apr. 14, 2023).[5] Here, the Complaint does not allege due diligence, and the Trustee even appears to disclaim his due diligence requirement. *See* Complaint, ¶ 14. As the Trustee has unquestionably not met the due diligence requirement of Section 547(b)—on the face of the Complaint, no less—the Complaint should be dismissed with prejudice.

---

[4] As these are affirmative defenses which are not properly the subject of a Motion to Dismiss, they will not be fully briefed herein. However, Prestige Patio asserts the existence of these defenses.

[5] The Court in *Pinktoe Liquidation Trust* did allow leave to amend, but this was expressly based on the reasoning that the "amendment [to section 547] was enacted only three months prior to the filing of the adversary proceeding" and that "Plaintiff represents in its reply brief that it can make such an allegation [of due diligence]." *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12. Neither rationale exists here—the Section 547 amendment took effect on February 19, 2020, well over five years before the filing of this Complaint on May 25, 2025. Nor, as discussed *infra*, can the Trustee make a credible allegation of due diligence under the circumstances.

II.     **The Complaint's defect is incurable and leave to amend should not be granted.**

The Trustee's Complaint also has incurable defects and leave to amend should not be granted.

First, the Trustee's statute of limitations for filing a preference action has long passed. Under 11 U.S.C. § 546 (a)(1), the statute of limitations for the filing of a preference action is the later of "2 years after the entry of the order for relief" or "1 year after the appointment or election of the first trustee."11 U.S.C. § 546 (a)(1). These dates were May 5, 2025 and August 16, 2024 respectively. The Complaint was filed on May 5, 2025, which was the last day before the statute of limitations expired.

Second, as explained *supra.*, it appears the Trustee never performed any due diligence prior to filing Complaint, despite his obligation under Section 547. However, the Complaint was filed anyway, thus subjecting Prestige Patio to defending a legally baseless case to which it has multiple defenses which would shield all Transfers. Any attempt by the Trustee to determine these defenses now, which is a *pre-filing* requirement (which usually proceeds via a demand letter and dialogue between the parties regarding defenses) will be *long after* the expiration of the statute of limitations has passed. 11 U.S.C. § 546 (a)(1). The Trustee should not be allowed to satisfy his pre-filing due diligence and pleading requirements long after the statute of limitations has expired.

This is especially inexplicable in this case, as the Trustee had years to do this before the filing of the statute of limitations, and presumably knew that the amount of pre-defense Transfers was significant. Section 547 requires due diligence that is "reasonable . . . in the circumstances of the case." 11 U.S.C. § 547 (b). Here, the Trustee was appointed *nearly two years* before the filing of the Complaint, but in this lengthy time period, he apparently made no efforts to conduct his reasonable due diligence. Furthermore, despite the significant amount of the alleged liability that

the Trustee made no effort to confer with the Defendant regarding defenses prior to the filing of the Complaint. These are glaring and inexplicable violations of Section 547, and show no effort to conduct "reasonable" due diligence under "the circumstances of the case." 11 U.S.C. § 547 (b).

If the Court grants leave to amend, this will create a perverse incentive for Chapter 7 trustees, signaling that even if the required due diligence is not performed, trustees will have a "mulligan" to amend the Complaint and perform due diligence later, even—like here—when the required due diligence is being performed *after* the statute of limitations deadline. Granting leave to amend will thus simply allow the Trustee to effectively extend the statute of limitations deadline under 11 U.S.C. § 546 (a)(1) well beyond Congress's prescription. Furthermore, it will set a precedent to allow chapter 7 trustees to ignore Section 547(b)'s due diligence requirements, filing Complaints with fully defensible claims or vastly inflated asserted liabilities, with the knowledge that trustees will be able to conduct the required due diligence later, even after the statute of limitations deadline if needed. This would ignore both the language of the statute and Congress's intentions in enacting the amendments to Section 547(b).

As noted above, the purpose of Section 547's due diligence pleading requirement is not merely checking a proverbial box—it is substantive. As Courts and commentators have both observed, the purpose of the amendment to Section 547(b) is to prevent the abuse of preference actions by requiring Chapter 7 trustees to affirmatively assess potential defenses before filing preference Complaints. The Trustee ignored his obligations to do so here, filed a Complaint seeking the recovery of obviously defensible Transfers and without meeting proper pleading requirements which should subject it to dismissal, and the statute of limitations has run out. This Complaint should be dismissed with prejudice.

[Remainder of this page intentionally left blank]

9

## <u>CONCLUSION</u>

For the reasons set forth herein, Prestige Patio respectfully requests that this Court issue an order granting the Motion and dismissing the Trustee's Complaint, with prejudice, and granting Prestige Patio such further relief as this Court may deem just and proper.

Dated: October 20, 2025
Wilmington, Delaware

**GOLDSTEIN & McCLINTOCK LLLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (DE Bar No. 3320)
Aaron R. Harburg (DE Bar No. 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Email: marias@goldmclaw.com
        aaronh@goldmclaw.com

--and--

William Thomas, Esq. (*pro hac vice* pending)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
willt@goldmclaw.com

*Counsel for Defendant Prestige Patio Co. Ltd.*