## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al.*, | Adv. Proc. No. 25-50875 (TMH) |
| Plaintiff, | **Ref. Adv. Docket Nos. 12, 13** |
| v. | |
| PRESTIGE PATIO CO, LTD., | |
| Defendant. | |

### TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO
### PRESTIGE PATIO CO. LTD.'S MOTION TO DISMISS TRUSTEE'S COMPLAINT

Dated: November 3, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Tel.: (302) 652-4100; Fax: (302) 652-4400
Email:     bsandler@pszjlaw.com
            pkeane@pszjlaw.com
            ecorma@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*

---

[1]    The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

## TABLE OF CONTENTS

**NATURE AND STAGE OF THE PROCEEDING** ................................................................. 1

**INTRODUCTION** ................................................................................................................ 2

**MOTION TO DISMISS STANDARD** ................................................................................ 2

   **ARGUMENT** ................................................................................................................ 3

   **I.      The Trustee has adequately pled the due diligence requirement of section 547(b), which is a condition precedent not subject to the Iqbal and Twombly standard.** .............. 3

   **II.     Alternatively, leave to amend the Complaint should be granted if the pleading of due diligence is deemed to be deficient.** ................................................................ 7

**CONCLUSION** ................................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 2, 3, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 2, 3, 6

*Brick Law PLLC v. Sticky's Holdings LLC (In re Sticky's Holdings LLC)*,
    2025 Bankr. LEXIS 1333 (Bankr. D. Del. June 3, 2025) ............................................................ 3

*Buckley v. Merrill Lynch & Co. (In re DVI, Inc.)*, 2008 Bankr. LEXIS 2338
    (Bankr. D. Del. Sep. 16, 2008) .................................................................................................... 3

*Ctr. City Healthcare, LLC v. Medline Indus. (In re Ctr. City Healthcare, LLC)*,
    2023 Bankr. LEXIS 2818 (Bankr. D. Del. Nov. 28, 2023) .......................................................... 7

*Cureton v. NCAA*, 252 F.3d 267 (3d Cir. 2001) ............................................................................. 7

*Hildebrand v. Allegheny Cty.*, 757 F.3d 99 (3d Cir. 2014) ............................................................ 4

*In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004) .................................................... 3

*In re Student Fin. Corp.*, 335 B.R. 539 (D. Del. 2005) .................................................................. 3

*Insys Liquidation Tr. v. Urquhart (In re Insys Therapeutics, Inc.)*,
    2021 Bankr. LEXIS 2965, at *10 (Bankr. D. Del. Oct. 28, 2021) ............................................. 6

*Jean-Pierre v. Schwers*, 682 F. App'x 145 (3d Cir. 2017) ............................................................ 4

*Official Comm. of Unsecured Creditors of Pack Liquidating LLC v. Nature's Bounty Co.*
    *(In re Pack Liquidating LLC)*, 2024 Bankr. LEXIS 1635 (Bankr. D. Del. July 16, 2024) ......... 5

*Official Comm. of Unsecured Creditors v. Nimble Gravity, LLC*
    *(In re Pack Liquidating, LLC)*, 2024 Bankr. LEXIS 2641 (Bankr. D. Del. Oct. 30, 2024) ....... 4

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ....................................................... 2

*Pinktoe Liquid. Tr. v. Dellal (In re Pinktoe Tarantula Ltd.)*,
    2023 Bankr. LEXIS 1030 (Bankr. D. Del. Apr. 14, 2023) ......................................................... 4

*Robichaux v. Moses H. Cone Mem. Hosp. Operating Corp. (In re Randolph Hosp., Inc.)*,
    644 B.R. 446 (Bankr. M.D.N.C. 2022) ..................................................................................... 5

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) ............................................................................. 3

*Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229 (3d Cir. 2005)) ............................... 3

## Federal Cases

11 U.S.C. § 547 .................................................................................................................................. 1

11 U.S.C. § 547(b) .................................................................................................................... 2, 3, 5

11 U.S.C. § 550 .................................................................................................................................. 1

## State Cases

Fed. R. Bankr. P. 7008 ...................................................................................................................... 2

Fed. R. Bankr. P. 7009 ...................................................................................................................... 2

Fed. R. Bankr. P. 7012(b) .................................................................................................................. 1

Fed. R. Bankr. P. 7015 ...................................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1, 2

Fed. R. Civ. P. 15(a)(2) ...................................................................................................................... 7

Fed. R. Civ. P. 8(a) ............................................................................................................................ 2

Fed. R. Civ. P. 9(c) .................................................................................................................... 2, 4, 6

Plaintiff, George L. Miller, in his capacity as chapter 7 Trustee (the "Trustee") for the jointly administered bankruptcy estates of Christmas Tree Shops, LLC, Handil, LLC, Handil Holdings, LLC, Salkovitz Family Trust 2, LLC, and Nantucket Distributing Co., LLC (collectively, the "Debtors"), by and through his undersigned counsel, submits this Memorandum of Law in opposition to *Prestige Patio Co. Ltd.'s Motion to Dismiss Trustee's Complaint* [D.I. 12] (the "Motion to Dismiss") and the memorandum of law submitted in support thereof [D.I. 13] filed by Defendant, Prestige Patio Co. Ltd.

## **NATURE AND STAGE OF THE PROCEEDING**

1.      The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 5, 2023.

2.      The Debtors' bankruptcy cases were converted to cases under chapter 7 of the Bankruptcy Code on August 16, 2023, and the Trustee was appointed as the chapter 7 trustee.

3.      On May 5, 2025, the Trustee commenced this adversary proceeding by filing his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* [D.I. 1] (the "Complaint").

4.      The Complaint asserts claims for:  (i) the avoidance and recovery of preferential transfers under section 547 of the Bankruptcy Code; and (ii) recovery of property under section 550 of the Bankruptcy Code.

5.      The Defendant filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.      The Trustee responds and objects to the Motion to Dismiss herein.

## INTRODUCTION

7.     The Defendant argues that the Complaint should be dismissed for alleged failure to plead the "due diligence" requirement contained in section 547(b) of the Bankruptcy Code.  As courts in this district have found, this requirement is a condition precedent to a preference claim and is not governed by the pleading standard set forth in *Iqbal* and *Twombly*, but rather by the more modest standard of Rule 9(c), which requires only a general allegation that the necessary conditions precedent have occurred.  The Complaint meets that standard along with stating adequately the affirmative elements of the Trustee's preference claim.

8.     Alternatively, if the allegations in the Complaint are deemed to be deficient, leave to amend should be granted to correct any such deficiencies.

9.     For these reasons, the Motion to Dismiss should be denied.

## MOTION TO DISMISS STANDARD

10.     Rule 8(a)(1), made applicable to this adversary proceeding by Bankruptcy Rule 7008, provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).  Rule 9(c), made applicable to this adversary proceeding by Bankruptcy Rule 7009, provides:  "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

11.     In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

12.     "The determination of the viability of a defense is not proper at the motion to dismiss stage." *Brick Law PLLC v. Sticky's Holdings LLC (In re Sticky's Holdings LLC)*, No. 24-10856 (JKS), 2025 Bankr. LEXIS 1333, at *9 (Bankr. D. Del. June 3, 2025) (citing *Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 242 (3d Cir. 2005)). "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *In re Student Fin. Corp.*, 335 B.R. 539, 546 (D. Del. 2005). The plaintiff is not required to anticipate, overcome, or "plead around" affirmative defenses in the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014); *see also In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)."); *Buckley v. Merrill Lynch & Co. (In re DVI, Inc.)*, No. 03-12656 (MFW), 2008 Bankr. LEXIS 2338, at *32 (Bankr. D. Del. Sep. 16, 2008) ("An affirmative defense with disputed facts is not a proper basis to dismiss a complaint.").

## ARGUMENT

### I.     The Trustee has adequately pled the due diligence requirement of section 547(b), which is a condition precedent not subject to the Iqbal and Twombly standard.

13.     The Defendant's argument focuses on the introductory language added to section 547(b) of the Bankruptcy Code in the Small Business Reorganization Act of 2019, which provides that "the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid" preferential transfers. 11 U.S.C. § 547(b).

14.     In *Pinktoe*, Judge Silverstein examined the due diligence requirement and found that, while it is an element of a preference claim, it is also a condition precedent governed by

Rule 9(c):  "The new due diligence requirement is a condition precedent.  Federal Rule of Civil Procedure 9(c), not Federal Rule of Civil Procedure 8, therefore applies. . . .  The pleading of conditions precedent, therefore, falls outside the *Iqbal* and *Twombly* standard, which governs Rule 8(a)."  *Pinktoe Liquid. Tr. v. Dellal (In re Pinktoe Tarantula Ltd.)*, No. 18-10344 (LSS), 2023 Bankr. LEXIS 1030, at *12–13 (Bankr. D. Del. Apr. 14, 2023) (citing *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 111–12 (3d Cir. 2014)).  "A general allegation that all conditions precedent have occurred satisfies this pleading requirement."  *Id.* at *13 (citing *Jean-Pierre v. Schwers*, 682 F. App'x 145, 147 (3d Cir. 2017)).  Rule 9(c) imposes a "modest pleading standard" for conditions precedent.  *Jean-Pierre*, 682 F. App'x at 147 (citing *Hildebrand*, 757 F.3d at 111).

15.     "Because the diligence element is a condition precedent governed by Rule 9(c) of the Federal Rules of Civil Procedure, it is not subject to the *Iqbal* and *Twombly* standard.  So, to plead due diligence adequately, the plaintiff need only advance a 'general allegation' that 'all conditions precedent have occurred.'"  *Official Comm. of Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating, LLC)*, No. 22-10797, 2024 Bankr. LEXIS 2641, at *17 (Bankr. D. Del. Oct. 30, 2024) (citations omitted) (quoting *Pinktoe*, 2023 Bankr. LEXIS 1030, at *13).

16.     The due diligence requirement "does not require the trustee . . . to produce tangible evidence in support of its claim.  To satisfy § 547(b), the plaintiff only needs to allege that it conducted reasonable due diligence into the defendant's known or reasonably knowable affirmative defenses."  *Id.* at *19.

17.     The Complaint properly alleges all of the affirmative elements required under section 547(b) of the Bankruptcy Code, including that the transfers were:  "(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made . . . on or within 90 days before the

date of the filing of the petition; . . . and (5) that enables such creditor to receive more than such

creditor would receive if . . . the case were a case under chapter 7 of this title; . . . the transfer had

not been made; and . . . such creditor received payment of such debt to the extent provided by the

provisions of this title." 11 U.S.C. § 547(b). The Complaint also sets forth details of each of the

transfers at issue. *See* Ex. A to Compl.

18.    The Defendant focuses on the due diligence requirement, reserving a perfunctory

objection to the Trustee's affirmative pleading of the elements in a footnote. *See* D.I. 13, at 5 n.3.

"[T]he diligence obligation imposed by § 547(b) is limited to the *defenses* that may be available

to the defendant." *Official Comm. of Unsecured Creditors of Pack Liquidating LLC v. Nature's

Bounty Co. (In re Pack Liquidating LLC)*, No. 22-10797 (CTG), 2024 Bankr. LEXIS 1635, at *7

(Bankr. D. Del. July 16, 2024).

19.    Indeed, courts examining this due diligence requirement have held that the

requirement is satisfied where a plaintiff attaches evidence or records of the transfers and describes

the relationship between the parties. *See, e.g.*, *Robichaux v. Moses H. Cone Mem. Hosp. Operating

Corp. (In re Randolph Hosp., Inc.)*, 644 B.R. 446, 462 (Bankr. M.D.N.C. 2022) (finding that the

complaint demonstrated sufficient due diligence under the circumstances of the case by, among

other things, attaching wire and check records of the alleged transfers made to the defendants,

attaching the MSA contract between the parties, and describing the contractual relationship

between the parties).

20.    In addition, case law and existing authorities on the due diligence requirement have

a scattered assessment, with no true consensus on how to approach this new requirement. *See*

5 COLLIER ON BANKRUPTCY ¶ 547.02A (16th ed. 2025) (noting that there was no explanation for

the amendment and that "one can only speculate about the reasons for the change"); *see also id.*

(noting that the "most plausible explanation" was that it was designed to reduce the practice of "preference mills").  And, as the leading treatise recognizes, this new language "may ultimately create more problems than it solves, only a few of which can be anticipated at this time."  *Id.*  Given the scant case law, lack of clear consensus, and an obvious tension with existing case law – i.e. that it is inappropriate to consider the viability of a defense at the motion to dismiss stage – it makes little sense to graft on a rigid pleading element.

21.    The Complaint acknowledges the Defendant's known or reasonably knowable affirmative defenses as required by section 547(b).  *See* Compl. ¶ 14 ("Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).").  This statement is sufficient as a "general allegation" that the condition precedent of due diligence has occurred.  In any event, it is inappropriate at the motion to dismiss stage for the Court to consider these defenses in detail or require the Plaintiff to plead around them.  *See Insys Liquidation Tr. v. Urquhart (In re Insys Therapeutics, Inc.)*, No. 19-11292 (JTD), 2021 Bankr. LEXIS 2965, at *10 (Bankr. D. Del. Oct. 28, 2021) ("[T]here is no requirement that a plaintiff plead around potential affirmative defenses.").

22.    The allegation regarding due diligence is not subject to the *Iqbal* and *Twombly* standard and is sufficient to meet the standard imposed by Rule 9(c).  Because of this, and because the Trustee has adequately pled the affirmative elements of the preference claim, the Motion to Dismiss should be denied.

## II.     Alternatively, leave to amend the Complaint should be granted if the pleading of due diligence is deemed to be deficient.

23.     Rule 15(a)(2), made applicable to this adversary proceeding by Bankruptcy Rule 7015, provides that a party may amend a pleading with leave of the Court, which "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

24.     The granting of leave to amend "is within the discretion of the Court."  *Ctr. City Healthcare, LLC v. Medline Indus. (In re Ctr. City Healthcare, LLC)*, No. 19-11466 (MFW), 2023 Bankr. LEXIS 2818, at *22 (Bankr. D. Del. Nov. 28, 2023).   "In determining whether to grant or deny leave to amend, courts balance several factors including:  (1) futility, (2) undue delay, (3) bad-faith, and (4) prejudice."  *Id.* at *22–23 (citing *Foman v. Davis*, 83 S. Ct. 227, 230 (1962)). "The mere passage of time is usually not enough to warrant denying leave to amend."  *Id.* at *23 (citing *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001)).

25.     The Trustee maintains that he has adequately met the Rule 9(c) standard for pleading the condition precedent of due diligence.  However, to the extent that the allegations in the Complaint are deemed to be deficient, leave to amend should be granted.  Such amendment would serve to correct and clarify the pleading and would not alter the affirmative elements of the preference claim.  Moreover, there is no evidence of undue delay or bad faith with respect to such amendment.  For these reasons, if any deficiencies are found, the Court should allow the Trustee to amend the Complaint so that the preference claim may be decided on its merits and so that any value properly belonging to the Debtors' estates may be realized for the benefit of creditors.

## <u>CONCLUSION</u>

26.     For the foregoing reasons, the Motion to Dismiss should be denied.


Dated:  November 3, 2025               **PACHULSKI STANG ZIEHL & JONES LLP**

                                       */s/ Peter J. Keane*
                                       Bradford J. Sandler (DE Bar No. 4142)
                                       Peter J. Keane (DE Bar No. 5503)
                                       Edward A. Corma (DE Bar No. 6718)
                                       919 North Market Street, 17th Floor
                                       Wilmington, DE 19801
                                       Telephone:  (302) 652-4100
                                       Facsimile:  (302) 652-4400
                                       Email:    bsandler@pszjlaw.com
                                                 pkeane@pszjlaw.com
                                                 ecorma@pszjlaw.com

                                       *Counsel to George L. Miller, Chapter 7 Trustee*