**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, et al.[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC et al.,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTIGE PATIO CO. LTD.,<br><br>Defendant. | Adv. Pro. No. 25-50876 (TMH) |

**MEMORANDUM OPINION AND ORDER**

On May 5, 2025, George L. Miller, in his capacity as chapter 7 trustee of the Debtors' estates, commenced this adversary proceeding. Through the complaint, the trustee seeks two forms of relief – the avoidance of certain transfers under 11 U.S.C. § 547 and the recovery of such avoided transfers under 11 U.S.C. § 550.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

The defendant filed a motion to dismiss the complaint, contending that the trustee did not plead the due diligence element of section 547(b).[2]

The trustee has objected.[3] He contends that he has complied with the due diligence pleading requirement. In the alternative, the trustee asks that he be granted leave to amend the complaint if this court determines that the trustee's due diligence pleading was deficient.

For the following reasons, the complaint is dismissed, without prejudice. Also, because the trustee has not submitted a draft amended complaint, his request to amend also is denied, without prejudice.

## Subject Matter Jurisdiction

Subject matter jurisdiction exists over this adversary proceeding under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## Legal Standard

The defendant asks that this court dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. A complaint will survive a Rule 12(b)(6) motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] "A claim has facial plausibility when

---

[2] Prestige Patio Co. Ltd.'s Motion to Dismiss Trustee's Complaint [D.I. 12] and Memorandum in Support of Prestige Patio Co. Ltd.'s Motion to Dismiss Trustee's Complaint [D.I. 13].
[3] Trustee's Memorandum of Law in Opposition to Prestige Patio Co. Ltd.'s Motion to Dismiss Trustee's Complaint [D.I. 14]
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] The complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[6] Detailed facts are not necessary, but "a plaintiff is required to put the defendant on notice as to the basics of the plaintiff's complaint [and] to set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him so that he can prepare an adequate answer."[7] Therefore, a complaint must present well-pleaded facts, not mere conclusory statements, that establish the prima facie elements of the claim.[8] In considering a motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[9]

---

[5] Id. (quoting Twombly, 550 U.S. at 556).
[6] Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).
[7] Tilton v. MBIA Inc. (In re Zohar III, Corp.), 639 B.R. 73, 89 (Bankr. D. Del.), aff'd, 620 F. Supp. 3d 147 (D. Del. 2022) (internal quotations omitted).
[8] Twombly, 550 U.S. at 556–57 (explaining that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" and that mere conclusory allegations will not suffice).
[9] Black v. Montgomery County, 835 F.3d 358, 364 (3d Cir. 2016) (explaining courts must "accept all factual allegations as true[ and] construe the complaint in the light most favorable to the plaintiff" (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

## Discussion

### I. The Complaint Does Not Satisfy the Due Diligence Pleading Requirement of 11 U.S.C. § 547(b).

Under Count I, the trustee seeks to avoid $736,820.85 in allegedly preferential transfers made to the defendant. Relevant to consideration of the motion to dismiss, section 547(b) provides that "[t]he trustee may, <u>based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)</u>, avoid any transfer of an interest of the debtor in property . . ."[10] This underlined language was added to section 547(b) under the Small Business Reorganization Act of 2019. It became affective on February 19, 2020, and thus has been in effect for nearly six years.

This court previously has examined this language and determined that it creates a condition precedent.[11] The import of this determination is that it is examined under Federal Rule of Civil Procedure 9(c), which provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."[12] "To satisfy § 547(b), the plaintiff only

---

[10] 11 U.S.C. § 547(b).
[11] <u>Pinktoe Liquidation Trust v. Charlotte Olympia Dellal (In re Pinktoe Tarantula Ltd.)</u>, Adv. Pro. No. 20-50597 (LSS), 2023 WL 2960894, *5 (Bankr. D. Del. Apr. 14, 2023).
[12] <u>Id.</u>

needs to allege that it conducted reasonable due diligence into the defendant's known or reasonably knowable affirmative defenses."[13]

The parties dispute whether this condition precedent has been satisfied. The trustee argues that he satisfied this condition precedent when he alleged that "[a]lthough it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c)."[14] The court disagrees.

The language that the trustee cites merely states the obvious – the defendant may have defenses and if it does, it is the defendant's burden to prove them. This would be true in virtually every instance. The trustee is required to plead that he performed due diligence and has taken into account known or reasonably knowable affirmative defenses. He has done neither.

Contrast the trustee's allegation in paragraph 14 with the language in Off. Comm. Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating, LLC), where this court found that the due diligence condition precedent was satisfied.[15] There, the plaintiff alleged:

> 28.   Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the

---

[13] Off. Comm. Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating, LLC), Adv. Pro. No. 24-50048 (CTG), 2024 WL 4633499, at *3 (Bankr. D. Del. Oct. 30, 2024).
[14] Complaint, ¶ 14.
[15] Off. Comm. Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating, LLC), 2024 WL 4633499, *3.

> books and records in Plaintiff's possession and identified that Defendant potentially has 0 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this new value is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.
>
> 29. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.[16]

In Pack Liquidating, the plaintiff coherently described the due diligence it performed before it filed the complaint. There are no such allegations in the complaint here.

The trustee nevertheless argues that the due diligence requirement is satisfied where the complaint describes the relationship between the parties and attaches records or other evidence of the transfers. For this proposition, the trustee relies on Robichaux v. Moses H. Cone Mem. Hosp. Operating Corp. (In re Randolph Hosp., Inc.), 644 B.R. 446, 462 (Bankr. M.D.N.C. 2022). This is an incomplete discussion of the court's analysis in that opinion. There, the court first found that "[t]he Plaintiff has done more than recite the introductory sentence of § 547(b) and

---

[16] Off. Comm. Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating, LLC), Adv. Pro. No. 22-10797 (CTG) [D.I. 1], Complaint, ¶¶ 28–29.

alleges that he has determined he may avoid the subject transfers 'after reviewing his records' and evaluating the reasonably knowable affirmative defenses with due diligence."[17] There, paragraph 32 of the complaint alleged that:

> 32. Based on the Plaintiff's review of its records and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the transfers, Plaintiff has determined that it may avoid the transfers even after taking into account the Defendants' alleged affirmative defenses.

The trustee here has made no such allegations in the complaint. While the court does not suggest that any magic words are required to establish this condition precedent, the complaint here does not use the term "due diligence" or any other language with similar meaning. It contains no language that plausibly could be understood as alleging that the trustee made any inquiry at all into whether there were "known or reasonably knowable affirmative defenses." Accordingly, the complaint must be dismissed. However, dismissal is without prejudice. It is possible that the trustee can re-plead and satisfy the due diligence condition precedent.[18]

## II.   The Trustee's Request for Leave to Amend is Denied

The trustee has requested that he be granted leave to amend if this court dismisses the complaint. The defendant objects to that request, alleging undue

---

[17] Robichaux v. Moses H. Cone Mem. Hosp. Operating Corp. (In re Randolph Hosp., Inc.), 644 B.R. 446, 462 (Bankr. M.D.N.C. 2022).

[18] Because the trustee could simply have pleaded this language in the first instance or could have amended the complaint in response to the motion to dismiss under Federal Rule of Civil Procedure 15(a)(1)(B), it would appear unlikely that the trustee can allege he performed the required due diligence and considered defenses before filing the complaint. However, the court does not foreclose that possibility.

delay, futility, and bad faith. The court does not need to reach those issues though and will deny the plaintiff's request for a different reason.

Under Third Circuit precedent, a plaintiff seeking leave to amend a complaint must submit a draft amended complaint so that the court may determine if amendment would be futile.[19] The trustee has not submitted a draft amended complaint. Failure to submit the draft amended complaint is fatal to the trustee's request.[20] Therefore, the request to amend is denied, without prejudice. The plaintiff may file a motion to amend the complaint, along with a draft amended complaint and redline, by no later than fourteen days after the date of entry of this memorandum opinion and order.

---

[19] Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007)

[20] Id. (citing Ranke v. Sanofi–Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir.2006); Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002); Lake v. Arnold, 232 F.3d 360, 374 (3d Cir.2000); Kelly v. Del. River Joint Comm'n, 187 F.2d 93, 95 (3d Cir. 1951)).

## CONCLUSION

For the reasons set forth above, the court orders that:

1. The motion to dismiss is granted, without prejudice.

2. The trustee's request for leave to amend the complaint is denied, without prejudice.

3. The trustee may file a motion to amend the complaint by no later than fourteen days after the date of entry of this opinion and order.

Dated: December 5, 2025

_____
Thomas M. Horan
United States Bankruptcy Judge