# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*,<br><br>               Plaintiff,<br><br>vs.<br><br>PRESTIGE PATIO CO. LTD.,<br><br>               Defendant. | Adv. Proc. No. 25-50875 (TMH) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | RELEVANT BACKGROUND | 1 |
| | A. Procedural History | 1 |
| | B. The FAC Corrects the Deficiencies Identified By the Court in the Opinion | 2 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 3 |
| | A. No Undue Delay, Bad Faith, or Dilatory Motive Exists | 3 |
| | B. Amendment Will Not Prejudice Defendant | 4 |
| | C. Amendment Is Not Futile | 5 |
| IV. | CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases**

*Arnault v. Diamondhead Casino Corp.*,
 277 F. Supp. 3d 671, 674 (D. Del. 2017) .................................................................................. 3

*Bechtel v. Robinson*,
 886 F.2d 644, 652 (3d Cir. 1989) ......................................................................................... 4, 5

*Bensel v. Allied Pilots Ass'n*,
 387 F.3d 298, 310 (3d Cir. 2004) ............................................................................................. 6

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
 252 F.3d 267, 273 (3d Cir. 2001) ............................................................................................. 4

*Dole v. Arco Chem. Co.*,
 921 F.2d 484, 487 (3d Cir. 1990) .................................................................................... 3, 4, 5

*Foman v. Davis*,
 371 U.S. 178, 182 (1962) ......................................................................................................... 3

*In re Fleming Cos.*,
 323 B.R. 144, 148 (Bankr. D. Del. 2005) ................................................................................ 4

*In re Mortg. Lenders Network, USA, Inc.*,
 395 B.R. 871, 879 (Bankr. D. Del. 2008) ................................................................................ 5

*In re PMTS Liquidating Corp.*,
 490 B.R. 174, 184 (D. Del. 2013) ............................................................................................ 5

*In re Woodbridge Grp. of Cos.*,
 2021 Bankr. LEXIS 3324, at *21 (Bankr. D. Del. Dec. 6, 2021) ............................................. 6

*Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) ........................................................................ 3

*Se. Penn. Transp. Auth. v. Orrstown Fin. Servs. Inc.*,
 12 F.4th 337, 345 (3d Cir. 2021) ............................................................................................. 6

*Sec. & Exch. Comm'n v. Harra*,
 2022 U.S. Dist. LEXIS 56121, at *8 (D. Del. Mar. 28, 2022) ................................................. 6

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ...................................................................... 5

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*,
 839 F.3d 242, 249 (3d Cir. 2016) ............................................................................................. 3

**Statutes**

11 U.S.C. § 108(a) ......................................................................................................................... 1

**Other Authorities**

6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.) ..................................................................................... 5

**Rules**

Fed. R. Bankr. P. 7015 ................................................................................................................ 1, 6
Fed. R. Civ. P. 12(b)(6) ..................................................................................................................... 5
Fed. R. Civ. P. 15 ................................................................................................................... passim

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, applicable here pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Plaintiff, George L. Miller, in his capacity as the chapter 7 trustee ("Plaintiff" or the "Trustee") for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), submits this memorandum of law in support of the *Plaintiff's Motion for Leave to File First Amended Complaint* (the "Motion"), filed concurrently herewith, for leave to file a First Amended Complaint ("FAC") in the above-captioned adversary proceeding in the form attached to the Motion as **Exhibit A**.[2]

## I. RELEVANT BACKGROUND

### A. Procedural History

On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court District of Delaware (the "Local Rules"). On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

On August 16, 2023, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

The Trustee commenced this action on May 5, 2025, within the two-year period provided by section 108(a) of the Bankruptcy Code. *See* Complaint, Adv. D.I. 1; 11 U.S.C. § 108(a). The

---

[2] A redline version showing the changes between the original Complaint [Adv. D.I. 1] and the proposed First Amended Complaint is attached to the Motion as **Exhibit B**.

4932-8838-1313.4 57097.001                                  1

Complaint included, *inter alia*, claims for avoidance of preferential transfers under section 547 of the Bankruptcy Code and recovery of the value of such transfers under section 550 of the Bankruptcy Code.

On October 20, 2025, Defendant filed a motion to dismiss [Adv. D.I. 12] (the "Motion to Dismiss") seeking to dismiss the Complaint for failure to plead the due diligence requirement under section 547(b) of the Bankruptcy Code. On November 3, 2025, the Trustee filed an opposition to the Motion to Dismiss [Adv. D.I. 14], and on November 10, 2025, Defendant filed a reply to the Motion to Dismiss [Adv. D.I. 15].

On December 5, 2025, the Court issued its *Memorandum Opinion and Order Granting Motion to Dismiss and Denying Trustee's Request for Leave to Amend the Complaint* [Adv. D.I. 18] (the "Opinion"). The Court held that the Trustee had not alleged the necessary due diligence requirement under section 547 in the original Complaint – i.e., that the Trustee conducted reasonable due diligence in the circumstances of the case into the defendant's known or reasonably knowable affirmative defenses. *See* Opinion at 7.

### B.     The FAC Corrects the Deficiencies Identified By the Court in the Opinion

The Trustee's proposed FAC includes the due diligence allegations that the Court's Opinion identified were lacking from the original Complaint. The amendments in the FAC are narrowly tailored to correct the deficiencies identified by Defendant in the Motion to Dismiss and to comply with the Court's ruling in the Opinion. No other allegations are included in the amendment because no other deficiencies have been identified by Defendant or the Court.

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that, before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

The decision whether to grant or deny leave to amend rests within the Court's discretion, but "[t]he Third Circuit has adopted a liberal approach to the amendment of pleadings." *Arnault v. Diamondhead Casino Corp.*, 277 F. Supp. 3d 671, 674 (D. Del. 2017). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

Leave to amend should be denied only when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Otherwise, leave to amend should be granted. *See Foman*, 371 U.S. at 182; *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).

III. **ARGUMENT**

The Trustee seeks to file the proposed FAC to plead the due diligence language under section 547(b). Justice requires that the Trustee be granted leave to amend. As set forth below, none of the grounds for denying leave to amend are present here.

A. **No Undue Delay, Bad Faith, or Dilatory Motive Exists**

The Trustee has promptly sought to file his FAC within the fourteen (14) day deadline established by the Court in the Opinion. *See* Opinion at 9. This adversary proceeding is still in its

beginning stages. No answer has been filed, and no formal discovery has been conducted. These facts demonstrate the absence of undue delay or dilatory motive in seeking leave to amend.

Furthermore, "delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Delay only becomes "undue" when it will prejudice the other party (which, as discussed below, is not the case here), when the motion is made so late that it disturbs the interests of judicial economy and finality of litigation (such as after summary judgment has already been granted to the other party), or when the movant has no justification for not amending sooner despite opportunities to do so. *See id.* at 273–74. None of those situations apply here. There is no prejudice to Defendant (as discussed below), formal discovery has not begun, and the Trustee's proposed amendments are narrowly tailored to address the deficiencies identified by the Court in the Opinion.

B. **Amendment Will Not Prejudice Defendant**

Prejudice to the non-moving party is the "touchstone" for denial of leave to amend. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). For purposes of Rule 15, prejudice means that a party is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Id.* No such prejudice exists here.

"[T]o make the required showing of prejudice . . . [a defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488. "The amount of prejudice needed to justify the denial of leave to amend is significant; it must be substantial or undue. . . . [I]nconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice." *In re Fleming Cos.*, 323 B.R. 144, 148 (Bankr. D. Del. 2005) (citations and internal quotation marks omitted).

This adversary proceeding has been pending only since May 2025.  Allowing the Trustee to amend even before entry of a scheduling order, mediation, or formal discovery would not impair (much less "seriously" impair) Defendant's ability to present its case.  *See Dole*, 921 F.2d at 488.  It is well established that "[a]mendment may be permitted at any point during the course of litigation" and, even at later stages of a case, the need for additional discovery does not establish prejudice for purposes of Rule 15.  *Id.*; *see also In re Mortg. Lenders Network, USA, Inc.*, 395 B.R. 871, 879 (Bankr. D. Del. 2008).

In addition, the FAC directly addresses the issues raised by Defendant in its Motion to Dismiss, so there is no surprise or injustice in the Trustee correcting what Defendant itself pointed out was a pleading error.  Should the Court grant the Trustee's Motion, Defendant will have the unfettered opportunity to pursue discovery, engage in other motion practice, and present its case at trial.  *See Bechtel*, 886 F.2d at 652 (finding no prejudice when the case was still in the initial stages of discovery, because parties would not be deprived of any chance to present facts or evidence).

## C. <u>Amendment Is Not Futile</u>

"An amendment is futile if it will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a motion to dismiss."  *In re PMTS Liquidating Corp.*, 490 B.R. 174, 184 (D. Del. 2013).  In assessing futility, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also* 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.").

### 1. **The FAC Cures a Deficiency in the Original Complaint**

The FAC directly cures the deficiency in the original Complaint and responds to the pleading errors identified in Defendant's Motion to Dismiss and recognized by the Court in the

Opinion.  As a result, the amendment is not futile as it directly cures a narrow and technical deficiency in the original Complaint.

### 2.    The Proposed Amendment Relates Back to the Original Complaint

"An amended claim that may otherwise be barred by the statute of limitations can be considered timely if it relates back to a timely filed complaint." *In re Woodbridge Grp. of Cos.*, No. 17-12560 (JKS), 2021 Bankr. LEXIS 3324, at *21 (Bankr. D. Del. Dec. 6, 2021).  Federal Rule of Civil Procedure 15(c), applicable to this proceeding pursuant to Bankruptcy Rule 7015, provides that an amended pleading "relates back to the date of the original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

Application of Rule 15(c) involves looking to whether there is "a common core of operative facts" between the two pleadings such that "the opposing party has had fair notice of the general fact situation and legal theory" upon which the amended claims rest.  *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).  Amendments which merely expand or amplify claims in the initial pleading fall within the relation back doctrine under Rule 15(c).  *See Se. Penn. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 345 (3d Cir. 2021) (finding that an amendment that "add[ed] significantly more factual detail" to existing claims related back).

The FAC does not add any additional claims or counts to the original Complaint and does not assert any new operative facts – it merely cures a pleading error.  Even where plaintiffs add more factual detail to existing claims, courts have found relation back.  *See Sec. & Exch. Comm'n v. Harra*, No. 1:15-cv-00363-SB, 2022 U.S. Dist. LEXIS 56121, at *8 (D. Del. Mar. 28, 2022) (finding relation back where the amendment "expand[ed] on past allegations" to plead an additional way that the defendant defrauded investors).  Defendant never identified any basis to dismiss regarding any factual allegations – other than the section 547 due diligence requirement –

and the FAC does not seek to amend anything other than to add allegations regarding the due diligence requirement. As a result, the relation-back doctrine applies.

## IV. CONCLUSION

For the foregoing reasons, the Trustee respectfully submits that his Motion to file the proposed FAC should be granted.

Dated: December 19, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:   bsandler@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to Plaintiff, George L. Miller, Chapter 7 Trustee*