## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHRISTMAS TREE SHOPS, LLC, | ) | |
| | ) | Case No. 23-10576-TMH |
| Debtor. | ) | |
| | ) | |
| | ) | |
| GEORGE L. MILLER, *in his capacity as* | ) | |
| *Chapter 7 Trustee of* CHRISTMAS TREE | ) | |
| SHOPS, LLC, ET. AL., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 25-50875-TMH |
| | ) | |
| v. | ) | Related to Docket Nos. 19 and 20 |
| | ) | |
| PRESTIGE PATIO CO. LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PRESTIGE PATIO'S OPPOSITION TO THE TRUSTEE'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**GOLDSTEIN & MCCLINTOCK LLLP**

Maria Aprile Sawczuk (DE Bar No. 3320)
Aaron R. Harburg (DE Bar No. 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Email: marias@goldmclaw.com
        aaronh@goldmclaw.com

--and--

William Thomas, Esq. (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
willt@goldmclaw.com

*Counsel for Defendant Prestige Patio Co. Ltd.*

## TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................................. ii

TABLE OF AUTHORITIES ..................................................................................................... iii

STATEMENT OF FACTS ........................................................................................................... 1

STANDARD OF REVIEW .......................................................................................................... 4

ARGUMENT ................................................................................................................................ 5

    I.    The Trustee's Motion for Leave to Amend is futile. ........................................................ 5

        A.    The Trustee does not—and cannot—satisfy the requirements of Section 547(b) of the Bankruptcy Code by virtue of the Amended Complaint. ......................................................... 5

    II.    The Amended Complaint suffers from undue delay, bad faith, and dilatory motive. ...... 11

    III.   The Trustee's Amended Complaint was filed after the statute of limitations expired and does not relate back to the original filing date. ...................................................................... 13

CONCLUSION............................................................................................................................ 14

# TABLE OF AUTHORITIES

## CASES

*Center City Healthcare, LLC v. Medline Indus. (In re Ctr. City Healthcare, LLC)*,
2023 Bankr. LEXIS 2818 (Bankr. D. Del. Nov. 28, 2023) .............................. 4, 11, 13, 14

*Charys Liquidating Tr. v. Hades Advisors, LLC (In re Charys Holding Co., Inc.)*, 443
B.R. 638 (Bankr. D. Del. 2011) ........................................................................................ 5

*Fallon v. Mery Catholic Med. Ctr.*, 877 F.3d 487 .......................................................... 5

*Foman v. Davis*, 371 U.S. 178; 83 S. Ct. 227; 9 L. Ed. 2d 222 (1962) ........................................ 11

*Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996) .................................. 5

*Husted v. Taggart (In re ECS Refining)*, 62 B.R. 425 (Bankr. E.D. Cal. 2020)............................ 5

*J.E. Miye & Sons v. Fidelity Bank*, 813 F.2d 610 (3d Cir. 1987) .................................. 12

*Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000).......................................................... 4, 11

*Off. Comm. Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating,
LLC)*, WL 4633499, 2024 Bankr. LEXIS 2641  (Bankr. D. Del. Oct. 30, 2024)...............9

*Pinktoe Liquidation Trust v. Charlotte Olympia Dellal (In re Pinktoe Tarantula
Limited)*, 2023 Bankr. LEXIS 1030 (Bankr. D. Del. Apr. 14, 2023)...................... 6, 11, 13

*In re Art Inst. of Philadelphia LLC*, 2022 WL 18401591 (Bankr. D. Del. Jan. 12,
2022) .......................................................................................................................... 10

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ...................... 5

*In re Reagor-Dykes Motors, LP*, 2021 WL 2546664 (Bankr. N.D. Tex. June 21, 2021)............. 10

*Robichaux v. Moses H. Cone Mem. Hosp. Operating Corp. (In re Randolph Hosp.,
Inc.)*, 644 B.R. 446 (Bankr. M.D.N.C. 2022) ........................................................... 10

*Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238 (3d Cir. 2010) ....................... 5

## FEDERAL STATUTES

11 U.S.C. § 546(a) ........................................................................................................ 13

11 U.S.C. § 546(a)(1).................................................................................................... 8

11 U.S.C. § 547 ................................................................................................................ 2

11 U.S.C. § 547(b) ................................................................................................... 5, 6, 8

11 U.S.C. § 547(c) ........................................................................................................... 2

11 U.S.C. § 547(c)(4) ...................................................................................................... 6

11 U.S.C. § 547(g) ........................................................................................................... 2

11 U.S.C. § 550 ............................................................................................................... 2

**FEDERAL RULES**

Fed. R. Bankr. P. 2004 .................................................................................................... 7

Fed. R. Bankr. P. 7015 .................................................................................................... 4

Fed. R. Civ. P. 9(c) .......................................................................................................... 6

Fed. R. Civ. P. 15 ............................................................................................................ 4

Fed. R. Civ. P. 15(a)(1)(B) ...................................................................................... 3, 11

Fed. R. Civ. P. 15(a)(2) ................................................................................................... 4

Fed. R. Civ. P. 15(c) ............................................................................................. 4, 13, 14

Prestige Patio Co. Ltd. ("*Prestige Patio*"), by and through its undersigned counsel, hereby files its Opposition (the "*Opposition*") to *Plaintiff's Motion for Leave to File First Amended Complaint* (the "*Motion*") and the supporting Memorandum (the "*Memorandum*") filed by George L. Miller, the chapter 7 trustee (the "*Plaintiff*" or the "*Trustee*") of the bankruptcy estate of the Debtors, Christmas Tree Shops, *et. al.* (the "*Debtors*")[1].

## STATEMENT OF FACTS

On May 5, 2023 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). Complaint ¶ 1. The Debtors had previously operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing, particularly home furniture, décor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products. Complaint ¶ 3. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "*Conversion Date*"); Complaint ¶ 2; *see also, Order Converting Case to Chapter 7* [Docket No. 545]. On August 16, 2023, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee of the Debtors' estates, authorizing him to pursue certain avoidance actions. Complaint ¶ 3; *See also, Notice to Interim Trustee/Trustee of Selection in an Asset Case* [Docket No. 546].

In the nearly two years following his appointment as Trustee on August 16, 2023, and prior to filing the original Complaint [Adv. Docket No. 1] on May 5, 2025, Prestige Patio was never contacted by the Trustee. Declaration,[2] ¶ 6. The Trustee never issued a demand letter to Prestige

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Declaration Of Steve Kenger in Support of Prestige Patio Co. Ltd.'s Motion to Dismiss Trustee's Complaint (the "*Declaration*"), attached as Exhibit A to *Prestige Patio's Memorandum in support of Prestige Patio Co. Ltd.'s Motion to Dismiss Trustee's Complaint.* Adv. Docket No. 13.

Patio or contacted Prestige Patio to assess its defenses or otherwise request any documentation. Declaration, ¶¶ 6-7.

On May 5, 2025, the Trustee filed a Complaint against defendant Prestige Patio. Adv. Docket No. 1. In his Complaint, the Trustee asserted that Prestige Patio received preferential transfers in the amount of $736,820.85 and that the transfers are recoverable under 11 U.S.C. §§ 547 and 550. Complaint ¶¶ 13-27. The Complaint did not assert or plead that the Trustee had undertaken due diligence prior to filing the Complaint. *See* Complaint. Furthermore, the Trustee stated that "[a]lthough it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c)." Complaint, ¶ 14.

On October 20, 2025, Prestige Patio filed its Motion to Dismiss the Plaintiff's Complaint (the "*Motion to Dismiss*") on the basis that the Trustee did not properly plead or perform the Section 547(b) due diligence requirement. Adv. Docket Nos. 12-13.

The Court ruled in favor of Prestige Patio in its Memorandum Opinion. As the Court explained, the Trustee is required under Section 547(b) to perform "reasonable due diligence in the circumstances of the case and tak[e] into account a party's known or reasonably knowable affirmative defenses under subsection (c)," and this is a condition precedent to filing a complaint. Memorandum Opinion, p. 4. The Court found that the Complaint made no such representation, nor was there anything in the Complaint that illustrated that the Trustee performed any due diligence into Prestige Patio's affirmative defenses at all. As the Court stated, "the complaint here does not use the term 'due diligence' or any other language with similar meaning. It contains no language that plausibly could be understood as alleging that the trustee made any inquiry at all into whether

there were "known or reasonably knowable affirmative defenses." Memorandum Opinion, p. 7.

While the Court granted leave to amend, the Court noted that:

> Because the trustee could simply have pleaded this language in the first instance or could have amended the complaint in response to the motion to dismiss under Federal Rule of Civil Procedure 15(a)(1)(B), it would appear unlikely that the trustee can allege he performed the required due diligence and considered defenses before filing the complaint.

Memorandum Opinion, f. 18.

The Trustee has now moved for leave to file (the "*Motion for Leave to Amend*") an

Amended Complaint (the "*Amended Complaint*"). Adv. Docket Nos. 19-20. In the attached

Amended Complaint, the Trustee merely added language claiming that:

- the Trustee did not have direct knowledge of the prepetition affairs of the Debtors. Amended Complaint, ¶ 15.

- the Debtors had terminated "all of their former officers and employees who did have such involvement" in prepetition affairs and business operations. *Id.*

- the Trustee had conducted reasonable due diligence into the subsequent new value defense by "review[ing] the Debtor's books and records in Plaintiff's possession to identify any invoices qualifying for the subsequent new value defense[,]" but the subsequent new value defense is dependent on "review and confirming the accuracy of relevant documentation such as invoice dates, shipping dates for goods, and the actual dates of service for services." *Id.* at ¶ 16.

- the Trustee had conducted reasonable due diligence into the subjective ordinary course of business defense and "reviewed the Debtor's books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense" but that the defense is "inherently factual, and payment history is only one factor. Other factors may include collection pressure or tightening of credit terms, among others." *Id.* at ¶ 17.

However, the Amended Complaint does not give any detail as to the alleged investigation into

these defenses, its findings, or why the Trustee still asserted full prima facie liability against

Prestige Patio. *See* Amended Complaint. Similar to the original Complaint, the Amended

Complaint also included no details about who Prestige Patio is (beyond its address and state of incorporation), its business, or its course of dealing with the Debtors. *See id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15, made applicable here by Federal Rule of Bankruptcy Procedure 7015, governs the Motion to Amend. Fed. R. Civ. P. 15; Fed. R. Bankr. P. 7015. As applicable here, Rule 15 permits amendment of a complaint only with leave of the court but provides that a court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

Leave to amend should be denied when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see Ctr. City Healthcare, LLC v. Medline Indus.* (*In re Ctr. City Healthcare, LLC*), 2023 Bankr. LEXIS 2818 at *22-23 (Bankr. D. Del. Nov. 28, 2023) (similar).

Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading. *Ctr City Healthcare*, 2024 Bankr. LEXIS 2818 at *24 (citing Fed. R. Civ. P. 15(c)). A statute of limitations defense may be raised in opposition to a Rule 15 motion to amend when the amended complaint is filed after the expiration of the limitations period and the new allegations do not relate back to the period before the limitations period expired. *Ctr. City Healthcare, LLC,* 2023 Bankr. LEXIS 2818 at *24-28 (Bankr. D. Del. Nov. 28, 2023).

## ARGUMENT

### I.      The Trustee's Motion for Leave to Amend is futile.

The Trustee's Motion for Leave to Amend is futile. To assess futility, courts apply the same standard of legal sufficiency applicable under a Rule 12(b)(6) motion to dismiss. *Fallon v. Mery Catholic Med. Ctr.*, 877 F. 3d 487, f.33 (3d Cir. 2017) (citing *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010); *Charys Liquidating Tr. v. Hades Advisors, LLC (In re Charys Holding Co., Inc.)*, 443 B.R. 638, 643 (Bankr. D. Del. 2011) ("a trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss"). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d. 617, 623 (1st Cir. 1996)). Here, the Motion for Leave to Amend is futile, as it cannot satisfy the Trustee's due diligence requirement under section 547(b) of the Bankruptcy Code. 11 U.S.C. § 547(b).

### A.   The Trustee does not—and cannot—satisfy the requirements of Section 547(b) of the Bankruptcy Code by virtue of the Amended Complaint.

The Trustee cannot satisfy the due diligence requirements of Section 547(b) of the Bankruptcy Code, and amendment is therefore futile. Under Section 547(b) of the Bankruptcy Code, a trustee may seek to avoid preferential transfers made by a debtor "based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under [section 547](c) . . . ." 11 U.S.C. § 547(b). The Delaware Bankruptcy Court (citing other courts) has held that the due diligence requirement of Section 547(b) **is an element of the trustee's prima facie case**. *Pinktoe Liquidation Trust v. Charlotte Olympia Dellal (In re Pinktoe Tarantula Limited)*, 2023 Bankr. LEXIS 1030 at *11-12 (Bankr. D. Del. Apr. 14, 2023) (citing *Husted v. Taggart (In re ECS Refining)*, 62 B.R. 425 (Bankr.

5

E.D. Cal. 2020)) (emphasis added). In *Pinktoe Liquidation Trust*, Judge Silverstein "conclude[d] that the due diligence requirement is an element of the claim, or something that must be proven by the trustee." *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12. Here, the core deficiency of the Amended Complaint mirrors the original: the Trustee did not satisfy the due diligence requirement of Section 547(b) and cannot plead that he did. He therefore cannot satisfy all of the elements of a Section 547 preference claim. *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12.

The Trustee attempts to characterize the problem with the original Complaint as "a narrow and technical deficiency" and a simple "pleading error." Motion for Leave to Amend, p. 5-6. This glosses over the problem—the due diligence requirement is not a mere pleading requirement; it is a substantive requirement which must be satisfied under Section 547(b) and then pled under Rule 9(c). 11 U.S.C. § 547(b); Fed. R. Civ. P. 9(c). Merely rewriting the pleading without having actually undertaken "reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses" does not satisfy the requirements of Section 547(b). 11 U.S.C. § 547(b).

For example, the Trustee pleads:

As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to identify any invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense for which Defendant bears the burden of proof under section 547(g). Potential new value is dependent on, and may be subject to adjustment based on, review and confirming the accuracy of relevant documentation such as invoice dates, shipping dates for goods, and the actual dates of service for services. . .

Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense. However, the subjective ordinary course of business defense is inherently factual, and payment history is only one factor. Other

factors may include collection pressure or tightening of credit terms, among others. Certain information related to these factors may only be in Defendant's possession . . .

Amended Complaint, ¶¶ 16-17.

While adding verbiage, there is no substance in the additions to the Amended Complaint. The Trustee merely claims to have reviewed the Plaintiff's books and records and then offers a meaningless explanation as to why his alleged due diligence did not shield any of the transfers. This explanation, in summary: "certain details may affect certain defenses," applies to every conceivable preference action. Similarly, his statements that, as a chapter 7 Trustee, he has "no direct knowledge of, or involvement in, the prepetition affairs and business operations of [the] Debtors" and that "as a chapter 7 estate, the Debtors have terminated all of their former officers and employees who did have such involvement and/or knowledge," applies to effectively every non-individual Chapter 7 case.[3] Amended Complaint, ¶ 15. In total, the Trustee merely added the allegation that he had reviewed the Debtors' books and records (which he had to do in order to determine the transfers, and is not due diligence into the *defenses*), and then he added several blanket statements which could be equally applicable to any preference action. Noticeably absent is any specific discussion of what his alleged due diligence rendered. When Congress revised Section 547(b) in 2019, the new due diligence requirement must have required something more than merely inserting generic language applicable to any preference action into the Complaint.

Nor did the Trustee's investigation, which did not include issuing demand letters or even contacting Prestige Patio, lead the Trustee to reduce the prima facie liability asserted against

---

[3] A Chapter 7 trustee's due diligence requirement under 11 U.S.C. 547(b) is the same as any other party bringing a preference action, whether that party is a Chapter 11 trustee, debtor-in-possession, unsecured creditors' committee, or otherwise. Several of these parties may have *less* access to information than a Chapter 7 trustee, but the requirement remains the same. In any case, if a prosecuting entity is unable to obtain the information needed, Bankruptcy Rule 2004, among other procedural mechanisms, allows interested parties to seek such information regarding the Debtor's affairs if needed. Fed. R. Bankr. P. 2004. However, the Trustee has made no allegation that he was unable to obtain relevant information for any reason.

Prestige Patio on account of any affirmative defenses. Declaration, ¶¶ 6-7. This remained true even in the Amended Complaint. *Compare* Complaint, Ex. A, *with* Amended Complaint, Ex. A.  Section 547(b) requires "taking into account a party's reasonably knowable affirmative defenses," but the Trustee did not do so—there is no reduction in liability on account of any affirmative defenses. 11 U.S.C. § 547(b). For example, the Trustee did not apply any credit for subsequent new value. The Trustee tries to explain this away by stating that the subsequent new value defense "is dependent on, and may be subject to adjustment based on, review and confirming the accuracy of relevant documentation such as invoice dates, shipping dates for goods, and the actual dates of service for services." However, this is a very simple thing to accomplish—it merely requires comparing the timing of transfers with the delivery of new goods provided by Prestige Patio.[4] That the Trustee did not contact Prestige Patio or attempt such a calculation in the period between his appointment on August 16, 2023, and the filing of the Complaint on May 5, 2025, is indicative of the lack of due diligence undertaken by the Trustee.

Similarly, the Trustee did not conduct his required "reasonable due diligence in the circumstances of the case." 11 U.S.C. § 547(b). The Trustee was appointed nearly two years before the statute of limitations deadline, which is close to the maximum amount of time a Trustee could have under 11 U.S.C. § 546(a)(1). Despite this comfortable timeframe, the Trustee did not issue demand letters or contact Prestige Patio at all. Declaration, ¶¶ 6-7. It is difficult to imagine a circumstance in which a Trustee could accomplish less in terms of due diligence in a wider timeframe. This is not "reasonable due diligence in the circumstances of the case." 11 U.S.C.

---

[4] By Prestige Patio's calculation, $467,084.00 of the total asserted liability of $736,820.85 is shielded from recovery by the subsequent new value defense, and this is before even factoring in Prestige Patio's complete ordinary course of business defense (which would reduce liability to zero). The Trustee knew or should have known that these transfers are not recoverable through his required due diligence, but he did not remove these transfers from either the Complaint, *or even the Amended Complaint* after this issue was called to the Court's attention.

§ 547(b).

Contrast the Trustee's revised allegations with the complaint in *Pack Liquidating*, as favorably cited by the Court's Memorandum Opinion. Memorandum Opinion, p. 5-6 (citing *Off. Comm. Unsecured Creditors v. Nimble Gravity, LLC (In re Pack Liquidating, LLC*), Adv. Pro. No. 24-50048 (CTG), 2024 WL 4633499, at *3 (Bankr. D. Del. Oct. 30, 2024). In *Pack Liquidating,* the complaint alleged that "[a]s part of Plaintiff's due diligence, Plaintiff reviewed the books and records in Plaintiff's possession and identified that ***Defendant potentially has 0 in invoices qualifying for the subsequent new value defense***[.]" Memorandum Opinion, p. 5-6 (citing *Pack Liquidating*, Adv. Pro. No. 22-10797 (CTG) [D.I. 1], Complaint, ¶ 28) (emphasis added). Similarly, the *Pack Liquidating* complaint alleged that "***[b]ased upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint***. . . Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses." Memorandum Opinion, p. 6 (citing *Pack Liquidating*, Adv. Pro. No. 22-10797 (CTG) [D.I. 1], Complaint, ¶ 28). The plaintiff in *Pack Liquidating* also sent demand letters and alleged this in its complaint, which the *Pack Liquidating* decision cited as part of the reason for the Complaint's sufficiency under Section 547(b). *Pack Liquidating*, 2024 Bankr. LEXIS 2641 at *18-19 (Bankr. D. Del. Oct. 30, 2024) (citing complaint ¶ 27). As the Memorandum Opinion summarized, "the plaintiff [in *Pack Liquidating*] coherently described the due diligence it performed before it filed the complaint." Memorandum Opinion, p. 6. This included allegations that 1) after review, the defendant had no invoices qualifying for the subsequent new value defense; 2) that the plaintiff had offered the defendant the opportunity to provide information prior to the filing of the Complaint; and 3) that demand letters had been sent. The Trustee here did not state

any of the foregoing in his Amended Complaint, because he cannot. *See* Amended Complaint.[5]

A mere revision of the Amended Complaint is not enough to satisfy the Trustee's due diligence requirement under Section 547(b)—it is a substantive, meaningful requirement added to section 547 by Congress. As this Court has previously explained, this amendment was intended to address:

> the practice in which trustees would sometimes assert preference actions against every defendant that received a payment on account of an antecedent debt within the 90 days before bankruptcy without regard for the availability of obvious affirmative defenses[.] . . . Such lawsuits would impose burden and expense on defendants even where the claims were subject to a clear and meritorious affirmative defense. The 2019 amendment to section 547 appears to be a response to that practice, imposing an obligation on trustees (not typically borne by plaintiffs) to assess the availability of an affirmative defense before filing suit.

*In re Art Inst. of Philadelphia LLC,* 2022 WL 18401591, *20 (Bankr. D. Del. Jan. 12, 2022); see *In re Reagor-Dykes Motors, LP,* 2021 WL 2546664, *2 (Bankr. N.D. Tex. June 21, 2021) ("The language added to § 547(b) under the Small Business Reorganization Act of 2019 is meant to deter the filing of abusive preferential transfer suits."). Merely reducing the amendment to a cursory pleading requirement without any substantive underpinning renders the statute meaningless and is contrary to Congressional intent. The Trustee did not meaningfully exercise his due diligence here and cannot plead that he did. He thus cannot meet the substantive elements of the claim, and the Amendment should be disallowed as futile.

---

[5] For another example, compare the Amended Complaint with *Moses Cone*, and the Amended Complaint's deficiencies are apparent. In *Moses Cone*, the court held that the complaint "***demonstrates*** sufficient due diligence under the circumstances of this case by, among other things, attaching wire and check records of the alleged transfers made to the Defendants, attaching the MSA contract between Randolph Health and Cone Health, and describing the contractual relationship between Randolph Health and the Defendants." *Robichaux v. Moses H. Cone Mem. Hosp. Operating Corp. (In re Randolph Hosp., Inc.),* 644 B.R. 446, 462 (Bankr. M.D.N.C. 2022) (emphasis added). The use of the phrase "demonstrat[ing]" due diligence follows a previous discussion of "pleading" due diligence in the preceding sentences. *Id.* The Plaintiff in *Moses Cone* demonstrated its due diligence by including the contract at issue, wire and check records, and describing the parties' relationship. Contrast *Moses Cone* with here, in which the Trustee demonstrated no evidence that he ever ascertained who Prestige Patio is or learned anything about its relationship with the Debtor. *See* Amended Complaint.

## II.     The Amended Complaint suffers from undue delay, bad faith, and dilatory motive.

Plaintiff here has demonstrated undue delay, dilatory motive, and bad faith, and leave to amend should be denied. Leave to amend should be denied when, among other reasons, "it is apparent from the record that . . . the moving party has demonstrated undue delay, bad faith or dilatory motives[.]" *Arnold*, 232 F.3d at 373, *see Ctr. City Healthcare, LLC,* 2023 Bankr. LEXIS 2818 at *22-23 (similar). The Trustee has shown undue delay, bad faith, and dilatory motive here, and leave to amend should be denied.[6]

First, the Trustee has acted in bad faith and with dilatory motive. Leave to amend should not be given in situations of "bad faith or dilatory motive on behalf of the movant." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Both exist here. The Trustee had a statutory requirement to conduct pre-filing due diligence under Section 547(b). He did not conduct this due diligence, nor did he plead it as required under the case law. E.g. *Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12. Instead, he ignored Prestige Patio's affirmative defenses and filed a vastly overinflated Complaint against Prestige Patio, possibly cognizant that the large (and overinflated) liability would leverage Prestige Patio into a more favorable settlement. This is bad faith and dilatory motive—the Trustee delayed and avoided statutorily-required due diligence, likely because he knew it would be time-consuming and would ultimately significantly reduce or eliminate prima facie liability asserted against Prestige Patio. However, this is a violation of the requirement of Section 547(b), and his bad faith and dilatory motives should not grant him a mulligan.

---

[6] The Court expressed a similar sentiment in the Memorandum Opinion. Memorandum Opinion, f. 18 ("Because the trustee could simply have pleaded this language in the first instance or could have amended the complaint in response to the motion to dismiss under Federal Rule of Civil Procedure 15(a)(1)(B), it would appear unlikely that the trustee can allege he performed the required due diligence and considered defenses before filing the complaint. . .").

He has also unduly delayed. "The question of undue delay . . . requires that we focus on the plaintiff['s] motives for not amending [his] complaint to assert this claim earlier." *J.E. Miye & Sons v. Fidelity Bank*, 813 F.2d 610 (3d Cir. 1987). As Section 547(b) is a condition precedent, *i.e.*, a pre-filing requirement (not just a pleading requirement), this question extends in this case to why the Trustee did not plead it in the first instance. The Trustee was appointed on August 16, 2023, but did not file this Complaint until May 5, 2025, nearly two years later. Despite having plenty of time to do so, he did not accomplish any meaningful due diligence in that nearly two-year span. He was required to plead his due diligence in the first Complaint, and per the statute's requirements, should have been able to. He did not. After Prestige Patio moved to dismiss his Complaint, he could have immediately moved for leave to amend, but he did not attach a proposed Amended Complaint to his initial request for leave to amend. Opinion, p. 7-8. Only now, many months after he should have done so, has the Trustee proffered an Amended Complaint; one which ***still*** ignores Prestige Patio's affirmative defenses. The Trustee was required to plead his due diligence from the outset, and if he had adequately performed it, he should have offered an Amended Complaint earlier. Leave to amend should be barred for undue delay.

The Trustee seeks to amend his Complaint to address the due diligence requirement of Section 547(b), which he never meaningfully performed and did not plead in the first Complaint, both of which he was required to do. His bad faith filing of a vastly overinflated Complaint, his insufficient and intentionally dilatory due diligence, and his undue delay in attempting to plead the due diligence requirement should not be excused. The Motion for Leave to Amend should be denied.

### III.    The Trustee's Amended Complaint was filed after the statute of limitations expired and does not relate back to the original filing date.

Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." *Ctr City Healthcare*, 2024 Bankr. LEXIS 2818 at *24 (citing Fed. R. Civ. P. 15(c)).

A statute of limitations defense may be raised in opposition to a Rule 15 motion to amend when the amended complaint is filed after the expiration of the limitations period. *Ctr. City Healthcare, LLC*, 2023 Bankr. LEXIS 2818 at *24-28. The applicable statute of limitations in avoidance actions is set forth in section 546. An action under sections 544, 545, 547, 548, or 553 may not be commenced after the later of (A) two years after the entry of the order for relief or (B) one year after the appointment or election of the first trustee if such appointment occurred with the two year period. 11 U.S.C. § 546(a). The later of these two dates was two years after the entry of the order for relief on May 5, 2023, so the statute of limitations expired on May 5, 2025.

As discussed *infra.*, the Trustee never actually did any due diligence in this matter, which his Complaint and Amended Complaint implicitly illustrate. *See* Complaint; *see also* Amended Complaint; *see also* Declaration, ¶¶ 6-7 (stating that no demand letter was received and Prestige Patio was never contacted). For that reason, the relation back issue is irrelevant—the due diligence requirement was *never* met.

To the extent any cursory due diligence ever happened, it took place after the filing of the first Complaint, and after the statute of limitations expired. As no due diligence was pled in the first Complaint, there was no evidence or assertion that it had taken place, and an element of the Complaint was missing on the statute of limitations date. *See Pinktoe Liquidation Trust*, 2023 Bankr. LEXIS 1030 at *12. The due diligence did not represent any "conduct, transaction, or

occurrence set out — or attempted to be set out — in the original pleading"—it had not even ***happened*** before the statute of limitations deadline. *Ctr. City Healthcare*, 2024 Bankr. LEXIS 2818 at *24 (citing Fed. R. Civ. P. 15(c)). It thus cannot relate back to before the statute of limitations deadline, as an element of the claim had not yet ***happened*** at that time.

The Trustee should not be granted a mulligan here. If he is allowed to proceed under the Amended Complaint, future Chapter 7 trustees will know that they can ignore Section 547(b), ignore obvious affirmative defenses, and file overinflated Complaints which they can then leverage against defendants for large settlements. If their lack of due diligence and ignoring of affirmative defenses is challenged, Chapter 7 trustees will know that they can simply perform cursory due diligence (or even just slightly modify the pleading language) after the complaint's filing and after the statute of limitations deadline, and any amended complaint will relate back to the original. This is the exact state of affairs which Congress intended to change with the revisions to Section 547(b) in 2019, and it cannot be allowed. The Motion for Leave to Amend should be denied, with prejudice.

## **CONCLUSION**

For the reasons set forth herein, Prestige Patio respectfully requests that this Court issue an order denying the Trustee's Motion for Leave to Amend, with prejudice, dismissing the adversary proceeding, and granting Prestige Patio such further relief as this Court may deem just and proper.

*[Signatures on following page]*

14

Dated: January 2, 2026
Wilmington, Delaware

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (DE Bar No. 3320)
Aaron R. Harburg (DE Bar No. 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Email: marias@goldmclaw.com
         aaronh@goldmclaw.com

--and--

William Thomas, Esq. (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
willt@goldmclaw.com

*Counsel for Defendant Prestige Patio Co. Ltd.*