# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>             Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*,<br><br>             Plaintiff,<br><br>vs.<br><br>PRESTIGE PATIO CO. LTD.,<br><br>             Defendant. | Adv. Proc. No. 25-50875 (TMH)<br><br>**Re: Adv. Docket Nos. 19, 20, 21** |

**REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

**TABLE OF CONTENTS**

**REPLY** ................................................................................................................................... 1

    A.   Introduction ............................................................................................................... 1

    B.   Leave to Amend Is Not Futile .................................................................................. 2

    C.   Defendant Has Failed to Show Undue Delay, Bad Faith, or Dilatory Motive ................... 6

    D.   The FAC Should Relate Back to the Original Complaint ....................................... 7

**CONCLUSION** ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Adams v. DMG Park, LLC*, 2025 U.S. Dist. LEXIS 205881 (D.N.J. Oct. 20, 2025) ...................... 6

*Adams v. Gould, Inc.*, 739 F.2d 858 (3d Cir. 1984) ........................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 1

*Fifer Support Servs. LLC v. Lyndon S. Ins. Co.*, 2024 U.S. Dist. LEXIS 211378 (W.D. Wash. Nov. 20, 2024) ........................................................................................ 6

*In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004) ........................................ 5

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ........................ 2

*In re Ctr. City Healthcare, LLC*, 2023 Bankr. LEXIS 2818 (Bankr. D. Del. Nov. 28, 2023) .... 2, 8

*In re Everfresh Beverages, Inc.*, 238 B.R. 558 (Bankr. S.D.N.Y. 1999) ........................... 8

*In re Insys Therapeutics, Inc.*, 2021 Bankr. LEXIS 2965 (Bankr. D. Del. Oct. 28, 2021) ............. 5

*In re Pinktoe Tarantula Ltd.*, 2023 Bankr. LEXIS 1030 (Bankr. D. Del. Apr. 14, 2023) .......... 3, 4

*In re PMTS Liquidating Corp.*, 490 B.R. 174 (D. Del. 2013) ............................................. 2

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) ...................................................... 6

*Se. Penn. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337 (3d Cir. 2021) ........ 8

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) ................................................................... 2

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645 (W.D. Wash. 2015) ......... 6

**Out of State Cases**

6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.) ............................................................................ 2

George L. Miller, in his capacity as the chapter 7 trustee ("Plaintiff" or the "Trustee") for the estates of the above-captioned debtors (the "Debtors") and Plaintiff in the above-captioned adversary proceeding, submits this reply (the "Reply") in further support of the *Plaintiff's Motion for Leave to File First Amended Complaint* (the "Motion")[2] [Adv. D.I. 19] and in response to *Prestige Patio's Opposition to the Trustee's Motion for Leave to File First Amended Complaint* (the "Opposition") [Adv. D.I. 21] filed by Defendant Prestige Patio Co. Ltd. ("Defendant" or "Prestige").

## REPLY

**A.    Introduction**

Rather than proceed towards the merits, the Defendant chose to file its Opposition and make a host of unsupported speculative conclusions about the Trustee's prepetition due diligence efforts. But, as explained in the Motion, the proposed FAC adds the section 547 due diligence allegations that the Court found were lacking from the original complaint. Plaintiffs asserting claims under section 547 of the Bankruptcy Code are not required to plead away their affirmative claims by including excruciating detail about the merits of a defendant's defenses under section 547. Defendant also fails to acknowledge case law in this district that held that the due diligence requirement is not subject to the Rule 8 standards governed by *Twombly*[3] and *Iqbal*.[4] Instead, the due diligence requirement is a condition precedent under Rule 9(c), which only requires a general allegation.

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion or in the related *Plaintiff's Memorandum of Law in Support of Motion for Leave to File First Amended Complaint* [Adv. D.I. 20] (the "Memorandum of Law").

[3]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[4]    *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

DE:4904-9268-5190.2 57097.001

As noted in the Motion, the proposed amendments in the FAC are narrowly tailored to correct the deficiencies identified by Defendant in the Motion to Dismiss and to comply with the Court's ruling in the Opinion. For the reasons set forth in the Motion and in this Reply, the Opposition should be overruled and the Motion should be granted.

**B.    Leave to Amend Is Not Futile**

"An amendment is futile if it will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a motion to dismiss." *In re PMTS Liquidating Corp.*, 490 B.R. 174, 184 (D. Del. 2013). In assessing futility, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also* 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.").

Defendant believes leave to amend is futile because the proposed FAC includes allegations that simply are not true – i.e., that the Trustee never conducted any due diligence to be able to plead that allegation as an element of section 547. First, "[w]hen considering denial of an amendment on the grounds of futility, [t]he facts alleged in the proposed amended complaint, and all reasonable inferences drawn from those facts are construed in the [moving party's] favor." *In re Ctr. City Healthcare, LLC*, No. 19-11466 (MFW), 2023 Bankr. LEXIS 2818, at *23 (Bankr. D. Del. Nov. 28, 2023) (internal quotation marks omitted) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Accepting Defendant's unsupported conclusions about what the Trustee did or did not do before filing the original complaint turns that standard upside down. Defendant doesn't get to assert speculation at this stage to defeat a proposed amendment – it can seek out the information and answers it wants through appropriate discovery. Second, the due diligence requirement obligates a plaintiff to include allegations that the due

diligence requirement was met. Defendant cites to *In re Pinktoe Tarantula Ltd.*, No. 18-10344 (LSS), 2023 Bankr. LEXIS 1030, at *12 (Bankr. D. Del. Apr. 14, 2023), to argue that the "due diligence requirement is an element of the claim, or something that must be proven by the trustee." Opposition at 5–6. But the *Pinktoe* court never held that the complaint's allegations must actually be proven to survive dismissal. That would, of course, be absurd and not appropriate in the Rule 12(b)(6) context. What the *Pinktoe* court actually held was that "[a] general allegation that all conditions precedent have occurred satisfies [the due diligence] pleading requirement." *Pinktoe*, 2023 Bankr. LEXIS 1030, at *13.

Here, the proposed FAC includes the key general allegations to satisfy the due diligence requirement, including, among other allegations, that the Trustee "reviewed the Debtors' books and records in Plaintiff's possession to identify any invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code" (FAC ¶ 16) and that the Trustee "reviewed the Debtors' books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense" (FAC ¶ 17). That is enough, and goes beyond the required general allegation that all conditions precedent have occurred.

In addition, case law offers little to determine how much detail is necessary to include. That is the real point of Defendant's argument here and for this Court to determine: how much detail should be required? Defendant wants the Trustee to write a novel about his due diligence efforts. But the Court should not transform the due diligence element pleading requirement in section 547 into some greater pleading burden when neither the Bankruptcy Code, Bankruptcy Rules, nor any existing case law suggest that there has to be excruciating details in a complaint

3

regarding due diligence. That is a dangerous path that will only harm bankruptcy estates seeking to recover on valuable preference claims that are created under section 547 of the Bankruptcy Code by stopping estate fiduciaries from pursuing such claims before they even begin.

Perhaps most detrimental to Defendant's argument on this point is Judge Silverstein's holding in *Pinktoe* that, because the due diligence requirement is a condition precedent, Rule 9(c) applies and "[t]he pleading of conditions precedent, therefore, falls outside the *Iqbal* and *Twombly* standard, which governs Rule 8(a)" and, as such, a general allegation satisfies the due diligence pleading requirement. *Pinktoe*, 2023 Bankr. LEXIS 1030, at *12–13. That holding directly contradicts Defendant's argument that the complaint must include a greater level of detail, seemingly above and beyond what is required by the *Iqbal* and *Twombly* "meat on the bones" pleading standard. The due diligence requirement is not what Defendant suggests it is. And Congress and the drafters of the Bankruptcy Rules know how to require more. For example, Rule 9(b) imposes a heightened pleading standard for fraud, requiring more particularity. Nothing about the "due diligence" element in section 547 requires particularity at a level approaching Rule 9(b).

Defendant also takes swipes at other allegations in the FAC regarding due diligence. The other allegations add more than the bare minimum and include acknowledgements about the Trustee's role as an independent estate fiduciary who had no preexisting personal knowledge of the Debtors' business and generally was not involved in prepetition transactions between the Debtors and Defendant. This is hardly shocking, as Defendant recognizes. But those allegations in the FAC are important because the allegations put the "due diligence" in better context to include a recognition that the Trustee takes each estate as it comes, and that he often does not have every single transactional document or invoice that gives him a perfect understanding of the business relationship and the transactions that form the basis for the Trustee's claims against a defendant

4

(and the strength or weaknesses of a defendant's defenses to such claims). As such, the Trustee's prepetition "due diligence" may not have resulted in a perfect absolution of potential causes of action against a defendant, and defendants such as Prestige may be the only parties that possess documents or other information that would shed more light on the viability or strength of such defendants' new value and ordinary course defenses. Thus, the statute uses the language "taking into account" when describing the due diligence requirement: it does not obligate a plaintiff to allege that it automatically gave full credit to any and all possible defenses within the range of possibilities, without engaging in discovery or obtaining information from a defendant that would further support or discredit possible defenses.

The Defendant wants a standard that would shift the burden to estate fiduciaries to prove up fully any affirmative defenses as an element of a section 547 cause of action pled in a complaint. But this Court has also rejected this logic. Indeed, the Court in *In re Insys Therapeutics, Inc.* held that "there is no requirement that a plaintiff plead around potential affirmative defenses." *In re Insys Therapeutics, Inc.*, No. 19-11292 (JTD), 2021 Bankr. LEXIS 2965, at *10 (Bankr. D. Del. Oct. 28, 2021); *see also In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6).").

The due diligence pleading requirement does not shift the burden away from a defendant to assert and prove up its affirmative defenses of new value and ordinary course. Defendant does not get a free pass simply because the Trustee lacks omniscience and because prepetition information flow was imperfect. Here, the Trustee conducted reasonable due diligence in the circumstances of the case, as alleged in sufficient detail in the FAC. Defendant's quibbling with

these other statements in the FAC are just noise and should be rejected. The FAC contains the key allegations, and the requested amendment is not futile.[5]

### C. Defendant Has Failed to Show Undue Delay, Bad Faith, or Dilatory Motive

The Trustee has not acted with bad faith or dilatory motive. "In conducting a bad faith analysis under Rule 15, a court must consider only whether the motion, itself, is made in bad faith." *Adams v. DMG Park, LLC*, No. 21-17442 (MCA) (LDW), 2025 U.S. Dist. LEXIS 205881, at *20 (D.N.J. Oct. 20, 2025) (internal quotation marks omitted). "[S]imply failing to add a claim a party had prior knowledge of does not alone amount to bad faith." *Id.* "Rather, the bad faith inquiry focuses on the moving party's motives for not amending . . . earlier, and whether there is extrinsic evidence—aside from the delay itself—that indicates bad faith." *Id.* (internal quotation marks omitted) (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

A party acts in bad faith when it acts "with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)). "Absent bad faith, [a] party should be afforded an opportunity to test [their] claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Fifer Support Servs. LLC v. Lyndon S. Ins. Co.*, No. 2:23-cv-1260, 2024 U.S. Dist. LEXIS 211378, at *5–6 (W.D. Wash. Nov. 20, 2024) (internal quotation marks omitted).

---

[5] Defendant included a footnote in its Opposition arguing the strength of its new value position and that $467,084.00 of the total asserted liability of $736,820.85 is shielded from recovery by the subsequent new value defense. *See* Opposition at 8 & n.4. It bears emphasizing how incredulous Defendant's position is here given its selective participation in discussions with the Trustee to date. After the original complaint was filed, Defendant provided a defense letter and data regarding the new value defense and ordinary course of business ("OCB") defense to the Trustee's counsel to engage in informal settlement discussions. The Trustee's counsel reviewed that information but it was incomplete. Notably, Defendant only provided OCB data for the preference period. When the Trustee's counsel asked for data for the year prior to the preference period, so it could be compared against payments during the preference period, Defendant never responded. Instead, Defendant filed the Motion to Dismiss. One can only speculate as to why Defendant doesn't seem to want this information revealed. The Trustee reserves all rights in the meantime.

6

Defendant's seeming insistence that its affirmative defenses should be given full credit and result in immediate dismissal of this matter is not a basis for finding bad faith or dilatory motive. Defendant is drawing unsubstantiated inferences about the Trustee's conduct with respect to due diligence before filing the original complaint, and that is not sufficient to establish bad faith or dilatory motive. The Trustee promptly sought to amend after the Court's ruling on Defendant's Motion to Dismiss, and he has done so within the timeframe established by the Court. The Court gave the Trustee an opportunity to amend by filing this Motion, and the Trustee did so. That is not bad faith or acting with dilatory motive. The Court should give the Trustee an opportunity to test the claims in the FAC on the merits.

Moreover, there is no undue delay. As explained in the Motion, the Trustee has promptly sought to file his FAC within the 14-day deadline established by the Court in the Opinion. *See* Opinion at 9. This adversary proceeding is still in its beginning stages. While the original complaint was filed in May 2025, to date no answer has been filed, and no formal discovery has been conducted. And any delay since the Defendant filed its Motion to Dismiss on October 20, 2025, is only the result of the briefing schedule for that motion and the time the Court needed to adjudicate and decide the motion. Defendant has not and will not be prejudiced by any delay if the Court grants the Motion.

**D.    The FAC Should Relate Back to the Original Complaint**

The FAC should relate back to the original complaint because none of the amended allegations are adding new or different claims arising out of conduct or a transaction or occurrence that is new or different from what is set out in the original pleading. The same transfers are at issue, and the same amount of damages are being sought. The FAC and the original complaint share a nexus – the same nexus – that provides notice to Defendant of the basis for the FAC.

7

*See Ctr. City Healthcare, LLC*, 2023 Bankr. LEXIS 2818, at *25 (internal quotation marks omitted) ("An important factor in determining whether to allow an amended complaint to relate back to the date of the original filing is whether there is a nexus between the factual allegations in the original pleading and the amended complaint that provides notice to the Defendant of the basis for the amended pleading."). Defendant's arguments on this point don't appear to address squarely any relevant points that the Court is required to consider under the relation-back doctrine.

Indeed, case law is abundantly clear that amendments which merely expand or amplify claims in the initial pleading fall within the relation back doctrine under Rule 15(c). *See* Memorandum of Law at 6 (citing *Se. Penn. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 345 (3d Cir. 2021) (finding that an amendment that "add[ed] significantly more factual detail" to existing claims related back)). Defendant is asking this Court to go beyond existing case law and create a more difficult standard for relation back for estate fiduciaries in the context of section 547 complaints, but there is no basis or authority to do so here. Defendant wants to avoid this case proceeding towards the merits, but "[t]he purpose of Rule 15(c) is to provide an opportunity for a claim to be tried on its merits, rather than being dismissed on a procedural technicality." *In re Everfresh Beverages, Inc.*, 238 B.R. 558, 573 (Bankr. S.D.N.Y. 1999). The Court should not permit Defendant to avoid liability on a pleading technicality.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court overrule the Opposition and grant the Motion.

Dated:  January 9, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:   bsandler@pszjlaw.com
           pkeane@pszjlaw.com
           ecorma@pszjlaw.com

*Counsel to Plaintiff, George L. Miller, Chapter 7 Trustee*