**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, <u>et al.</u>[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC <u>et al.</u>, <br><br> Plaintiff, <br><br> vs. <br><br> PRESTIGE PATIO CO. LTD., <br><br> Defendant. | Adv. Pro. No. 25-50875 (TMH) |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

This court dismissed the chapter 7 trustee's original complaint on the grounds that the Trustee failed to plead, as required under Bankruptcy Code section 547(b), that he had conducted reasonable due diligence and taken into account the defendant's known or reasonably knowable affirmative defenses. [2] The

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] <u>See</u> <u>Miller v. Prestige Patio Co. Ltd. (In re Christmas Tree Shops, LLC</u>, 2025 WL 3510820, Case No. 23-10575 (TMH), Adv. Pro. No. 35-50875 (TMH) (Bankr. D, Del, Dec. 5, 2025)

Trustee since filed a motion for leave to file a first amended complaint to correct that pleading deficiency. The defendant, Prestige Patio Co. Ltd., opposes the motion. That objection is overruled and the motion is granted.

## Factual Background

On December 5, 2025, this court dismissed the original complaint. The Trustee requested leave to amend, but that request was denied because he did not attach a draft amended complaint.[3] However, he was granted leave to file a motion to amend the complaint within fourteen days. The Trustee timely filed the motion to amend, and included a proposed first amended complaint that contains the following amendments:

15.     Moreover, certain information related to potential affirmative defenses under 11 U.S.C. § 547 may only be in Defendant's possession, which Plaintiff is entitled to request during discovery. Plaintiff is a post-bankruptcy appointed chapter 7 trustee who has no direct knowledge of, or involvement in, the prepetition affairs and business operations of Debtors that are at issue in the above-captioned adversary proceeding. In addition, as a chapter 7 estate, the Debtors have terminated all of their former officers and employees who did have such involvement and/or knowledge.

16.     Pursuant to 11 U.S.C. § 547(b), Plaintiff conducted reasonable due diligence in the circumstances of the case to consider reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to identify any invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense for which Defendant bears the burden of proof under section 547(g). Potential new value is dependent on, and may be subject to adjustment based on, review and confirming the accuracy of relevant documentation such as invoice dates, shipping dates for goods, and the actual dates of service for services. The Defendant may possess similar evidence in its books and records of which Plaintiff is entitled

---

[3] Id. at *3–4.

to request during discovery. Additionally, section 547(c)(4)(B) provides that any potential new value must not be paid for by "an otherwise unavoidable transfer." Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to the subsequent new value affirmative defense.

17.    In addition, as part of Plaintiff's reasonable due diligence in the circumstances of the case, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense. However, the subjective ordinary course of business defense is inherently factual, and payment history is only one factor. Other factors may include collection pressure or tightening of credit terms, among others. Certain information related to these factors may only be in Defendant's possession, which Plaintiff is entitled to request during discovery. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to the ordinary course of business affirmative defense.

## Subject Matter Jurisdiction

Subject matter jurisdiction exists over this adversary proceeding under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] "The court should freely give leave when justice so requires."[5] The policy goal is to ensure that claims are determined on the merits, rather than based upon technicalities.[6] However, if the movant has (1) demonstrated delay, bad faith, or

---

[4] Fed. R. Civ. P. 15(a)(2).
[5] Id.
[6] Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).

3

dilatory motives, or (2) if amendment would be futile or (3) would prejudice the nonmoving party, leave to amend should be denied.[7]

## Discussion

Prestige argues that amending the complaint would be futile because the Trustee did not actually perform the due diligence required by section 547(b) and therefore cannot truthfully plead that he did. Defendant focused on four main contentions in support of this conclusion: (1) the Trustee never contacted Prestige or sent a demand letter during the nearly two years between his appointment on August 16, 2023 and the filing of the original complaint on May 5, 2025, as attested in the Declaration of Steve Kenger; (2) the first amended complaint's due diligence allegations are generic and could be inserted into any preference complaint, adding no case-specific substance; (3) the Trustee did not reduce the claimed liability despite asserting that he reviewed the books and records;[8] and (4) the first amended complaint compares unfavorably with the complaint in Pack Liquidating, which this court cited in its December 5, 2025 opinion, because Pack Liquidating included specific findings (e.g., "0 in invoices qualifying for the subsequent new value defense"), alleged pre-filing contact with the defendant, and demand letters. Prestige also contrasts the first amended complaint with Robichaux v. Moses H. Cone Memorial Hospital (In re Randolph Hospital, Inc.), 644 B.R. 446 (Bankr.

---

[7] Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

[8] Prestige contends $467,084 of the $736,820.85 is shielded by subsequent new value.

4

M.D.N.C. 2022), also cited in the December 5, 2025 opinion, where the plaintiff attached wire/check records and the underlying contract to demonstrate due diligence.

Prestige argues the Trustee had nearly two years to perform due diligence and did not do so. It characterizes the original complaint as "vastly overinflated" and filed without regard to obvious affirmative defenses. Prestige points to footnote 18 in this court's December 5, 2025 opinion, which observed that it would appear unlikely that the Trustee can allege he performed the required due diligence and considered defenses before filing the complaint.

Finally, Prestige argues that because the first amended complaint comes after the two-year statute of limitations under section 546(a) expired on May 5, 2025, and that the due diligence allegations do not relate back because they concern conduct (or the absence thereof) that was not "set out—or attempted to be set out—in the original pleading." Prestige reasons that because no due diligence was pled or performed before the limitations deadline, the amended allegations concern post-limitations conduct that cannot relate back.

There is nothing apparent in the record to indicate that the Trustee has acted in bad faith, has unduly delayed, or has been dilatory in its prosecution of this adversary proceeding. The court set a deadline to file the motion to amend, and the Trustee met it. The proposed amendment to the complaint will address the grounds for dismissal of the original complaint.

Insofar as Prestige contends that leave to amend should be denied because the Trustee did not actually perform the due diligence required under section 547(b), that is an unsupported allegation that, at best, creates a factual dispute that cannot be resolved in this context.

Under Federal Rule of Civil Procedure 9(c), made applicable here by Federal Rule of Bankruptcy Procedure 7009, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."[9] That is what the proposed amended complaint alleges. That Prestige believes the allegation to be untrue is not relevant to the determination of the motion. It is based solely on speculation that because the due diligence efforts were not initially pleaded, they did not occur. One does not necessarily follow from the other.

Rule 9(c) directly addresses the problem Prestige raises, providing that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."[10] If Prestige has or comes into possession of information establishing that the condition precedent of due diligence has not been satisfied, it can make that denial "with particularity" in response to the first amended complaint and address the facts on summary judgment or at trial.

In this court's prior opinion, the court contrasted the absence of any "due diligence" allegations in the original complaint with other cases where courts found that "due diligence" pleading was adequate. Prestige seizes on these illustrative

---

[9] Fed. R. Civ. P. 9(c).
[10] Id.

examples to urge the court to adopt a pleading standard that exceeds the requirements of section 547(b).[11] This court will not do so. In the earlier opinion, this court looked at Pack Liquidating and Randolph Hospital to contrast the complaints there with the original complaint here. The earlier opinion does not establish a pleading standard. It simply points to cases where courts found that the conditions precedent of section 547(b) were adequately pleaded.

Prestige also complains that the Trustee did not reduce the amount sought in the complaint after considering what Prestige believes are its defenses. However, the Trustee is not required to concede that Prestige's assertions of defenses are meritorious.

Additionally, the Trustee filed the original complaint on May 5, 2025, and filed the motion for leave to amend on December 19, 2025, less than a year later. Such a short delay cannot be said to be "undue" without more.[12]

Similarly, amendment would not be futile. "An amendment is futile if it will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a motion to dismiss."[13] The proposed amendment remedies the

---

[11] See In re Pinktoe Tarantula Ltd., No. 18-10344 (LSS), 2023 WL 2960894, at *5 (Bankr. D. Del. Apr. 14, 2023) ("A general allegation that all conditions precedent have occurred satisfies this pleading requirement.").

[12] Arthur v. Maersk, Inc., 434 F.3d 196, 204–05 (3d Cir. 2006) ("There is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.' However, a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable.").

[13] In re PMTS Liquidating Corp., 490 B.R. 174, 184 (D. Del. 2013).

one pleading deficiency found in the original complaint. The plaintiff does not seek to amend the complaint in any other respect.

Finally, Prestige did not argue that it would be prejudiced if the complaint is permitted to be amended.

**Conclusion**

For the reasons set forth above, the court orders that:

1.     The motion is granted as set forth herein.

2.     Within three business days of the date of this order, the Trustee is authorized to file the First Amended Complaint substantially in the form attached as Exhibit A to its memorandum of law in support of the motion.[14]

Dated: April 29, 2026
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge

---

[14] D.I. 20.